■ In the Matter of JOHN LOPEZ et al., Respondents, v SUZETTE LOPEZ, Appellant. [650 NYS2d 240] —In a custody proceeding pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Richmond County (Clark, J.), entered March 3, 1995, as denied her petition for a change in custody of her child, Andrew Lopez, from the maternal grandfather and step-grandmother to her.

Ordered that the order is reversed insofar as appealed from, on the law and the facts, without costs and disbursements, and the petition is granted, and the matter is remitted to the Family Court, Richmond County, for the making of an order effectuating the change of custody of the child.

"[A] change in custody should be made only if the totality of the circumstances warrants a change that is in the best interests of the child" (*Matter of Paul Seth G. v Antoinette M.,*

227 AD2d 620, 622; *see also, Eschbach v Eschbach,* 56 NY2d 167). Moreover, "[t]he determination of a child's custody by a hearing court is entitled to great weight on appeal, and should not be set aside lightly, as it is to a large extent a matter of the court's discretion, depending heavily upon the Judge's assessment of the credibility of witnesses and the character and temperament of the parties" (*Matter of Vernon Mc. v Brenda N.,* 196 AD2d 823). However, that discretion is not absolute and may be set aside where it lacks a sound basis in the record, or is contrary to the weight of the evidence (*see, Matter of Darlene T.,* 28 NY2d 391; *Young v Young,* 212 AD2d 114, 117).

Here, the Family Court's determination was contrary to the weight of the evidence. While not determinative (*see, e.g., Young v Young, supra; Matter of Prete v Prete,* 193 AD2d 804), both the court-appointed psychiatrist and the Family Court probation officers recommended and testified that in their respective opinions custody of the child ought to be given to the appellant mother. Additionally, the record reflected that the mother was a good parent, that her other three children were well cared for, that her abusive husband was no longer in the household, and that she was seeking to improve her life by attending community college. While the Family Court recognized that either the appellant mother or the respondent grandparents would be adequate caretakers, in light of the record, it erred in finding that the mother was not committed to the child, and custody should have been awarded to her. Rosenblatt, J. P., Pizzuto, Friedmann and Goldstein, JJ., concur.