■ In the Matter of PHILLIP MCNERNEY, Appellant, v DOLORES MCNERNEY, Respondent. [661 NYS2d 999] —In a child custody proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Queens County (De Phillips, J.), dated July 19, 1996, which, after a hearing, *inter alia*, denied his petition for custody of the parties' son.

Ordered that the order is affirmed, with costs.

Custody matters are within the discretion of the Family Court, and its findings should be accorded great deference on appeal since the Family Court is in the best position to evaluate the testimony, character, and sincerity of the parties (*see, Eschbach v Eschbach,* 56 NY2d 167, 173-174; *Matter of Lopez v Lopez,* 233 AD2d 398; *Matter of Lobo v Muttee,* 196 AD2d 585). Thus, its determination should not be disturbed unless it lacks a sound and substantial basis in the record (*see, Matter of Coyne v Coyne,* 150 AD2d 573). Furthermore, it is well established that a change in custody should be made only if the totality of the circumstances warrants a change that is in the best interests of the children (*see, Eschbach v Eschbach, supra; Matter of Krebsbach v Gallagher,* 181 AD2d 363, 364). Along with the factors considered in any custody determination, the court must also consider the stability and continuity afforded by maintaining the present arrangement (*see, Eschbach v Eschbach, supra; Friederwitzer v Friederwitzer,* 55 NY2d 89, 94; *Matter of Krebsbach v Gallagher, supra*). Stability can be maintained where priority is given to the parent who was first awarded custody by a voluntary agreement (*see, Matter of Coyne v Coyne, supra*).

In the case at bar, the father failed to establish a change in circumstances which would have warranted a change in custody. Nor did the father demonstrate that the mother was less fit than he as a parent (*see, Aberbach v Aberbach,* 33 NY2d 592).

Accordingly, under the totality of the circumstances presented in this case, we find no basis to disturb the Family Court's determination that it is in the children's best interest to remain in the custody of their mother (*see, Eschbach v Eschbach, supra,* at 171).

The father's remaining contentions are without merit. Rosenblatt, J. P., Ritter, Santucci and McGinity, JJ., concur.