■ In the Matter of Ezz HAMZA, Appellant, v MONA HAMZA, Respondent. [682 NYS2d 887] —In a custody proceeding pursuant to Domestic Relations Law § 240, the father appeals from (1) so much of an order of the Family Court, Rockland County (Garvey, J.), dated November 17, 1997, as, after a hearing, denied his petition for sole custody of the parties' child Kareem, awarded joint custody of Kareem to the father and mother, and failed to grant his application for termination of his obligation to pay child support for Kareem and (2) so much of an amended order of the same court, dated December 19, 1997, as, upon his application for clarification of the order dated November 17, 1997, continued the award of joint custody of Kareem and referred so much of his petition as was to terminate his obligation to pay child support to a Hearing Examiner.

Ordered that the appeal from the order is dismissed, as the portions of the order appealed from were superseded by the amended order; and it is further,

Ordered that the appeal from so much of the amended order as referred the part of the petition as was to terminate his obligation to pay child support to a Hearing Examiner is dismissed, as no appeal lies as of right from that portion of the order (see, Family Ct Act § 1112); and it is further,

Ordered that the amended order is affirmed insofar as reviewed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The hearing court determined that considering the totality of the circumstances, the best interests of the child Kareem warranted a change from the sole custody of the mother to the joint custody of both the mother and the father. Its decision is entitled to great weight on appeal and should not be disturbed unless it lacks a sound basis in the record (see, Eschbach v Eschbach, 56 NY2d 167, 171-173; Matter of Lopez v Lopez, 233 AD2d 398, 399). Contrary to the father's contention, the parties' relationship is not so antagonistic and bitter as to make the award of joint custody of the subject child unsupportable (see, Braiman v Braiman, 44 NY2d 584). The record indicates that the parties have demonstrated a willingness to cooperate for the sake of their children and have agreed in the past with respect to the subject child's living arrangements, discipline, education, and general well-being.

The father's remaining contention is without merit. Miller, J. P., Ritter, Sullivan and Pizzuto, JJ., concur.