■ In the Matter of CHRISTOPHER FAUNTELEROY, Respondent, v TANYA MERCADO, Appellant. [772 NYS2d 562]—

In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Queens County (Rood, R.), dated April 2, 2003, as, after a hearing, transferred custody of the child from her to the father.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

Where a court has conducted a complete evidentiary hearing, its finding must be accorded great weight on appeal, and its award of custody should be allowed to stand unless it lacks a sound and substantial basis in the record (*see Matter of Lynch v Acey,* 281 AD2d 483 [2001]; *Matter of Coakley v Goins,* 240 AD2d 573 [1997]; *Conti v Conti,* 149 AD2d 395 [1989]). The essential consideration in making an award of custody is the best interests of the child (*see Eschbach v Eschbach,* 56 NY2d 167,

171 [1982]; *Friederwitzer v Friederwitzer,* 55 NY2d 89 [1982]). The court may require a change of custody if the totality of the circumstances warrants a modification and such a change is in the best interests of the child (*see Eschbach v Eschbach, supra; Matter of Schimler v Schimler,* 203 AD2d 580 [1994]). Factors to be considered in determining the child's best interests include "the quality of the home environment and the parental guidance the custodial parent provides for the child . . . the ability of each parent to provide for the child's emotional and intellectual development . . . the financial status and ability of each parent to provide for the child . . . the relative fitness of the respective parents, and the length of time the present custody arrangement has been in effect" (*Matter of Lobo v Muttee,* 196 AD2d 585, 587 [1993] [internal quotation marks omitted]; *Matter of Krebsbach v Gallagher,* 181 AD2d 363, 364-365 [1992]; *see also Eschbach v Eschbach, supra*). The stability and companionship to be gained from keeping children together is also an important factor for a court to consider (*see Eschbach v Eschbach, supra* at 173). Moreover, a court should be mindful that "the existence or absence of any one factor cannot be determinative on appellate review since the court is to consider the totality of the circumstances" (*Eschbach v Eschbach, supra* at 174).

Here, the hearing court had the opportunity to observe the mother and the father over an extended period, received testimony from numerous individuals, including the parties and a social worker, and interviewed the child in camera. Based on the record, the hearing court weighed the appropriate factors and properly awarded custody to the father (*see Matter of Canazon v Canazon,* 215 AD2d 652 [1995]; *Kuncman v Kuncman,* 188 AD2d 517 [1992]). Smith, J.P., Goldstein, Luciano and Adams, JJ., concur.