■ John Gonzalez, Appellant, v Phyllis Gonzalez, Now Known as Phyllis Quinories, Respondent. [794 NYS2d 103]—

In a child custody proceeding pursuant to Domestic Relations Law § 240, the father appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (McNulty, J.), dated June 30, 2004, as, after a hearing, in effect, denied his motion to change the residential custody of Brandon, the parties' youngest child, from the mother to him.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

A change in custody should be made only if the totality of the

circumstances warrants a change that is in the best interests of the child (*see Eschbach v Eschbach,* 56 NY2d 167, 171 [1982]; *Matter of Krebsbach v Gallagher,* 181 AD2d 363, 364 [1992]; *see also Friederwitzer v Friederwitzer,* 55 NY2d 89 [1982]). Along with the factors considered in any custody determination, the court must also consider the stability and continuity afforded by maintaining the present arrangement (*see Eschbach v Eschbach, supra* at 171; *Friederwitzer v Friederwitzer, supra* at 94; *Matter of Krebsbach v Gallagher, supra*). Stability can be maintained where, as here, priority is given to the parent who was first awarded custody by a voluntary agreement (*see Matter of Coyne v Coyne,* 150 AD2d 573, 575 [1989]). The determination of the hearing court is entitled to great weight on appeal and should not be disturbed unless it lacks a sound basis in the record (*see Eschbach v Eschbach, supra* at 171-173; *Matter of Lopez v Lopez,* 233 AD2d 398, 399 [1996]).

The record supports the conclusion that the father failed to establish a change in circumstances warranting a change in residential custody. Nor did the father demonstrate that the mother was less fit than he as a parent (*see Aberbach v Aberbach,* 33 NY2d 592 [1973]; *Matter of McNerney v McNerney,* 242 AD2d 385 [1997]; *cf. Matter of Faunteleroy v Mercado,* 5 AD3d 482 [2004]). Accordingly, the Supreme Court properly continued residential custody of Brandon with his mother.

The father's remaining contention is unpreserved for appellate review. Florio, J.P., S. Miller, Santucci and Spolzino, JJ., concur.