■ In the Matter of LESLIE L. McIVER-HEYWARD, Respondent, v RICHARD HEYWARD, Appellant. [806 NYS2d 428]—

In related child custody proceedings pursuant to Family Court Act article 6, the father appeals, as limited by his brief, from so much of an order of the Family Court, Rockland County (Kaufman, J.), dated December 29, 2004, as, after a hearing, awarded sole physical and legal custody of the parties' child to the mother.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

Custody determinations are to be made to promote the best interests of the child based upon consideration of all relevant circumstances (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Friederwitzer v Friederwitzer*, 55 NY2d 89, 93 [1982]). The most important factors in determining the best interests of the child are the ability to provide for the child's emotional and intellectual development, the quality of the home environment, and the parental guidance provided (*see Matter of Louise E. S. v W. Stephen S.*, 64 NY2d 946, 947 [1985]; *see also Eschbach v Eschbach, supra* at 172). A custody award is a matter within the discretion of the hearing court (*see Matter of Panetta v Ruddy*, 18 AD3d 662 [2005]), the determination of which is entitled to great weight and will not be disturbed unless it lacks a sound and substantial basis in the record (*see Matter of Olson v Olson*, 8 AD3d 285 [2004]; *Klat v Klat*, 176 AD2d 922, 923 [1991]).

The record supports the hearing court's determination that the best interests of the child would be promoted by the award of custody to the mother, despite the report of the court-appointed forensic evaluator to the contrary, which the Family Court did not arbitrarily disregard (*see Vinciguerra v Vinciguerra*, 294 AD2d 565, 566 [2002]; *cf. Matter of Maysonet v Contreras*, 290 AD2d 510 [2002]; *Young v Young*, 212 AD2d 114 [1995]). The Family Court conducted a full custody hearing at which it saw and heard the testimony of the witnesses. The Family Court also conducted an in camera interview with the child. The evidence demonstrated that neither parent was unfit, but that custody with the mother was in the child's best interests. That determination has a substantial basis in the record.

The father's remaining contention is without merit. H. Miller, J.P., Crane, Skelos and Dillon, JJ., concur.