■ In the Matter of Orlando Rodriguez, Respondent, v Elia Irizarry, Appellant. [814 NYS2d 273]—In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Queens County (Ebrahimoff, R.), dated January 2, 2002, which, after a hearing, awarded custody of the parties' children to the father.

Ordered that the order is affirmed, without costs or disbursements.

It is well settled that custody determinations are to be made upon consideration of all relevant circumstances so as to promote the best interests of the child (*see Eschbach v Eschbach,* 56 NY2d 167 [1982]; *Friederwitzer v Friederwitzer,* 55 NY2d 89 [1982]; *Matter of Riccio v Riccio,* 21 AD3d 1107 [2005]; *Miller v Pipia,* 297 AD2d 362 [2002]). Primary among the circumstances to be considered in determining the best interests of the child are the ability to provide for the child's emotional and intellectual development, the quality of the home environment and the parental guidance provided (*see Matter of Louise E.S. v W. Stephen S.,* 64 NY2d 946 [1985]; *Matter of Caraballo v Colon,* 9 AD3d 459 [2004]; *see also Eschbach v Eschbach, supra* at 172). A custody award is a matter within the discretion of the hearing court (*see Matter of Panetta v Ruddy,* 18 AD3d 662 [2005]; *Vinciguerra v Vinciguerra,* 294 AD2d 565 [2002]), whose determination is entitled to great weight and will not be disturbed unless it lacks a sound and substantial basis in the record (*see Matter of McIver-Heyward v Heyward,* 25 AD3d 556 [2006]; *Matter of Olson v Olson,* 8 AD3d 285 [2004]).

The record supports the hearing court's determination that the best interests of the children would be promoted by the award of custody to the father. The Family Court conducted a full custody hearing at which it saw and heard the testimony of the witnesses. The evidence demonstrated that neither parent was unfit, but that custody with the father was in the children's best interests. That determination has a substantial basis in the record.

The mother's remaining contentions are without merit. Schmidt, J.P., Krausman, Mastro and Lunn, JJ., concur.