■ In the Matter of HERBERT MAGWOOD, Respondent, v SHARO MARTINEZ, Appellant. [827 NYS2d 243]—

In a custody proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Suffolk County (Boggio, R.), dated December 7, 2005, which, after a hearing, inter alia, granted the father's petition for custody of the parties' daughter.

Ordered that the order is affirmed, without costs or disbursements.

In adjudicating custody and visitation rights, the most

important factor for the court to consider is the best interests of the child (*see Eschbach v Eschbach,* 56 NY2d 167 [1982]), which requires an evaluation of the "totality of the circumstances" (*Friederwitzer v Friederwitzer,* 55 NY2d 89, 95 [1982]). Since the hearing court's custody determination is largely dependent upon an assessment of the credibility of the witnesses and upon the character, temperament, and sincerity of the parents, its determination should not be disturbed unless it lacks a sound and substantial basis in the record (*see Matter of Louise E.S. v W. Stephen S.,* 64 NY2d 946 [1985]; *Matter of Coakley v Goins,* 240 AD2d 573 [1997]; *Matter of Coyne v Coyne,* 150 AD2d 573 [1989]; *Skolnick v Skolnick,* 142 AD2d 570 [1988]).

On this record, where there was a substantial change of circumstances, we discern no basis to disturb the Family Court's determination, made after a hearing and in camera interview with the subject child (*see Matter of Lincoln v Lincoln,* 24 NY2d 270, 272 [1969]), that it was in her best interest to award custody to the father (*see Eschbach v Eschbach, supra* at 171; *Friederwitzer v Friederwitzer, supra* at 93-95), and grant the mother visitation time (*see Weiss v Weiss,* 52 NY2d 170, 175 [1981]; *Matter of Lozada v Pinto,* 7 AD3d 801 [2004]).

The mother's remaining contentions are without merit. Miller, J.P., Krausman, Fisher and Dillon, JJ., concur.