■ In the Matter of ROBERT B. TURNURE, Respondent, v DEBBIE D. TURNURE, Appellant. (Proceeding No. 1.) In the Matter of DEBBIE DELUCA-TURNURE, Appellant, v ROBERT TURNURE, Respondent. (Proceeding No. 2.) [831 NYS2d 216]—In related custody proceedings pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Westchester County (Edlitz, J.), dated February 14, 2005, as, after a hearing, granted the father's petition for custody of the subject children in proceeding No. 1 and dismissed her petition in proceeding No. 2.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

In adjudicating custody and visitation rights, the most important factor to be considered is the best interests of the children in view of all the circumstances (*see Eschbach v Eschbach,* 56 NY2d 167, 171 [1982]; *Friederwitzer v Friederwit-*

*zer,* 55 NY2d 89, 95-96 [1982]; *Matter of Magwood v Martinez,* 35 AD3d 743 [2006]). "Since the hearing court's custody determination is largely dependent upon an assessment of the credibility of the witnesses and upon the character, temperament, and sincerity of the parents, its determination should not be disturbed unless it lacks a sound and substantial basis in the record" (*Matter of Magwood v Martinez, supra* at 744; *see Matter of Louise E.S. v W. Stephen S.,* 64 NY2d 946 [1985]).

On this record, we discern no basis to disturb the Family Court's determination. The Family Court's custody award was made after a full hearing, was supported by the recommendations of the forensic evaluator, and took into account the position of the Law Guardian (*see Matter of Berrouet v Greaves,* 35 AD3d 460 [2006]; *Matter of Picot v Barrett,* 8 AD3d 288, 289 [2004]). Crane, J.P., Goldstein, Lifson and Carni, JJ., concur.