■ In the Matter of EUDSON TYSON FRANCOIS, Appellant, v YONETTE HALL, Respondent. [899 NYS2d 896]—

In a custody and visitation proceeding pursuant Family Court Act article 6, the father appeals from an order of the Family Court, Queens County (Ebrahimoff, Ct. Atty. Ref.), dated June 11, 2009, which, after hearing, denied his petition, in effect, for joint legal and physical custody of the subject child, and awarded sole custody to the mother.

Ordered that the order is affirmed, without costs or disbursements.

There is "no prima facie right to the custody of the child in either parent" (Domestic Relations Law § 70 [a]; § 240 [1] [a]; *see Friederwitzer v Friederwitzer*, 55 NY2d 89 [1982]; *Matter of Riccio v Riccio*, 21 AD3d 1107 [2005]). The essential consideration in making an award of custody is the best interests of the child (*see Friederwitzer v Friederwitzer*, 55 NY2d 89 [1982]; *Matter of McIver-Heyward v Heyward*, 25 AD3d 556 [2006]). "Factors to be considered include 'the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability of each parent to provide for the child, the relative fitness of the respective parents, and the effect an award of custody to one parent might have on the child's relationship with the other parent' " (*Kaplan v Kaplan*, 21 AD3d 993, 994-995 [2005], quoting *Miller v Pipia*, 297 AD2d 362, 364 [2002]).

The Family Court properly denied the father's petition, in effect, for joint legal and physical custody, given the parties' inability to communicate with each other about the subject child (*see Matter of Grant v Grant*, 47 AD3d 1027 [2008]). The Family Court's award of sole custody to the mother and substantial visitation to the father has a sound and substantial basis in the record (*see Schneider v Schneider*, 40 AD3d 956 [2007]; *Matter of McIver-Heyward v Heyward*, 25 AD3d 556 [2006]).

Finally, the father was ably represented by counsel throughout

the fact-finding hearing, at the conclusion of which the Family Court read its decision into the record (*see* Family Ct Act § 262). The father's contention that he was deprived of his right to counsel at a subsequent conference because an emergency prevented his attorney from attending, is without merit. That last conference did not constitute a custody hearing; rather, the Family Court simply placed the specific visitation schedule on the record (*see* Family Ct Act § 262 [a] [v] [right to counsel attaches in a proceeding involving custody]; *cf. Matter of Williams v Bentley*, 26 AD3d 441 [2006] [requiring mother to try custody matter without benefit of counsel violated her right to be represented by counsel]). Mastro, J.P., Miller, Leventhal and Belen, JJ., concur.