In the Matter of ANTHONY ANDREWS, Appellant, v KENYA MOUZON, Respondent. [915 NYS2d 604]—

In a custody and visitation proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Kings County (Graham, J.), dated November 9, 2009, which awarded sole custody of the subject children to the mother and only awarded him visitation from Monday at 6:00 P.M. to Wednesday at 6:00 P.M. on alternate weeks, with additional visitation upon agreement of the parties.

Ordered that the order is affirmed, without costs or disbursements.

An award of custody must be based upon the best interests of the child, and there is no prima facie right to the custody of the child in either parent (see Friederwitzer v Friederwitzer, 55 NY2d 89, 93 [1982]; Matter of Francois v Hall, 73 AD3d 1055 [2010]). In considering questions of custody, the court must make every effort to determine what is in the best interest of the child, and what will promote the child's welfare and happiness (see Eschbach v Eschbach, 56 NY2d 167, 171 [1982]). The best interests of the child are determined by a review of the totality of the circumstances (id. at 172).

Factors to be considered include the quality of the home environment and parental guidance, the ability of each parent to provide for the child's emotional and intellectual development, and the financial status and ability of each parent to provide for the child (id.; see Matter of Francois v Hall, 73 AD3d 1055 [2010]). The relative fitness of each parent, as well as the effect an award of custody to one parent might have on the child's relationship with the other parent should be considered (see Matter of Francois v Hall, 73 AD3d 1055 [2010]). In addition, consideration should be given to any prior award or agreement as to custody (see Eschbach v Eschbach, 56 NY2d at 171). While not determinative, the court should consider the child's expressed preference as an indication of what is in the child's best interest (id. at 173). Additionally, if domestic violence is alleged, the court must consider the effects of such violence upon the child (see Matter of Julie v Wills, 73 AD3d 777 [2010]; Matter of Moreno v Cruz, 24 AD3d 780 [2005]; see also Domestic Relations Law § 240 [1]).

In making a custody determination, the court may also consider the recommendation of a court-appointed expert, and the position of the attorney for the child (see Matter of Edwards v Rothschild, 60 AD3d 675 [2009]; Matter of Rolon v Medina, 56 AD3d 676 [2008]; Matter of Turnure v Turnure, 37 AD3d 727 [2007]; Matter of Greene v Gordon, 7 AD3d 528 [2004]).

Since weighing the factors relevant to any custody determination requires an evaluation of the testimony and the sincerity of the parties involved, such an evaluation is best made by the trial court (*see Eschbach v Eschbach*, 56 NY2d at 173). Thus, a trial court's determination regarding an award of custody should not be disturbed "unless it lacks a sound and substantial basis in the record" (*Matter of Faunteleroy v Mercado*, 5 AD3d 482, 482 [2004]). Similarly, the determination of visitation is entrusted to the sound discretion of the trial court, and such determination should not be set aside unless it lacks a sound and substantial basis (*see Matter of Wiebke v Wiebke*, 77 AD3d 964 [2010]; *Matter of McFarland v Smith*, 53 AD3d 500 [2008]).

Here, the trial court, after having had the opportunity to evaluate the testimony, consider the recommendations of a forensic expert, interview the children in camera, and consider the position of the attorney for the children, determined that the children's best interests would be served by an order awarding sole custody of the children to the mother and visitation to the father from Monday at 6:00 P.M. to Wednesday at 6:00 P.M. on alternate weeks. That determination is supported by the record, and should not be disturbed on appeal (*see Eschbach v Eschbach*, 56 NY2d 167 [1982]; *Matter of Francois v Hall*, 73 AD3d 1055 [2010]; *Matter of Turnure v Turnure*, 37 AD3d 727 [2007]; *Matter of Faunteleroy v Mercado*, 5 AD3d 482 [2004]). Prudenti, P.J., Angiolillo, Florio and Sgroi, JJ., concur.