■ In the Matter of TIMOTHY MULLINS, Respondent, v PAMELA RIENER, Appellant. [953 NYS2d 664]—

In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from so

much of an order of the Family Court, Queens County (Stokinger, J.), dated August 19, 2011, as, after a hearing, awarded custody of the child to the father.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The essential consideration in making an award of custody is the best interests of the child (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Friederwitzer v Friederwitzer*, 55 NY2d 89 [1982]; *Matter of Francois v Hall*, 73 AD3d 1055 [2010]). Factors to be considered in determining the child's best interests include the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability of each parent to provide for the child, the relative fitness of the respective parents, and the effect an award of custody to one parent might have on the child's relationship with the other parent (*see Matter of Francois v Hall*, 73 AD3d 1055 [2010]; *Salvatore v Salvatore*, 68 AD3d 966 [2009]; *Kaplan v Kaplan*, 21 AD3d 993, 994-995 [2005]; *Matter of Faunteleroy v Mercado*, 5 AD3d 482, 483 [2004]).

A custody determination after a hearing is largely based upon an assessment of the parties' credibility with reference to their character, temperament, and sincerity, and should not be set aside unless lacking sound and substantial support in the record (*see Eschbach v Eschbach*, 56 NY2d at 171; *Salvatore v Salvatore*, 68 AD3d 966 [2009]; *Matter of Faunteleroy v Mercado*, 5 AD3d 482 [2004]).

Here, the child was born in New York City and resided there along with his mother, father, and older brother. When the child was nine years old, the mother took him, without notice to the father, to North Carolina, where her extended family resided. The father remained in New York with his fiancée and the child's older brother.

The Family Court's determination that the father provided a more stable household to care for the child had a sound and substantial basis in the record. The award of custody was properly based on an assessment of the parties' temperament and other proper considerations of the child's best interests (*see Eschbach v Eschbach*, 56 NY2d at 171; *Friederwitzer v Friederwitzer*, 55 NY2d 89 [1982]; *Matter of Francois v Hall*, 73 AD3d 1055 [2010]; *Salvatore v Salvatore*, 68 AD3d 966 [2009]; *Matter of Faunteleroy v Mercado*, 5 AD3d at 483). Mastro, J.P., Lott, Austin and Cohen, JJ., concur.