■ Matter of GRAZIANI C.A. ADMINISTRATION FOR CHILDREN'S SERVICES, Petitioner; LISA A., Respondent. (Proceeding No.1.) Matter of SISSY M.P.A. ADMINISTRATION FOR CHILDREN'S SERVICES, Petitioner; LISA A., Respondent. (Proceeding No. 2.) Matter of EMILIO P.P., Respondent, v LISA A., Appellant. (Proceeding Nos. 3 and 4.) [985 NYS2d 149]—

In two related neglect proceedings pursuant to Family Court

Act article 10 and two related custody proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Richmond County (Wolff, J.), dated August 10, 2012, which, after a hearing, granted the father's petition to modify a prior custody order dated August 7, 2006, made on consent of the parties, so as to award him sole custody of the subject children.

Ordered that the order dated August 10, 2012, is affirmed, without costs or disbursements.

The essential consideration in making an award of custody is the best interests of the children (*see Eschbach v Eschbach*, 56 NY2d 167, 171-173 [1982]; *Friederwitzer v Friederwitzer*, 55 NY2d 89 [1982]). "Factors to be considered include 'the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability of each parent to provide for the child, the relative fitness of the respective parents, and the effect an award of custody to one parent might have on the child's relationship with the other parent' " (*Kaplan v Kaplan*, 21 AD3d 993, 994 [2005], quoting *Miller v Pipia*, 297 AD2d 362, 364 [2002]; *see Matter of Faunteleroy v Mercado*, 5 AD3d 482, 483 [2004]). The Family Court's custody determination, made after a hearing, is largely based upon an assessment of the parties' credibility with reference to their character, temperament, and sincerity, and should not be set aside unless lacking sound and substantial support in the record (*see Eschbach v Eschbach*, 56 NY2d at 173; *Matter of Faunteleroy v Mercado*, 5 AD3d at 482; *Matter of Battista v Fasano*, 41 AD3d 712, 713 [2007]; *Kaplan v Kaplan*, 21 AD3d at 995).

Modification of an existing court-sanctioned custody arrangement is permissible only upon a showing that there has been a change in circumstances such that modification is necessary to ensure the continued best interests of the children (*see Matter of Chery v Richardson*, 88 AD3d 788, 788 [2011]; *Matter of Conforti v Conforti*, 46 AD3d 877 [2007]; *Matter of Strand-O'Shea v O'Shea*, 32 AD3d 398 [2006]; *Matter of Rho v Rho*, 19 AD3d 605, 606 [2005]; *Matter of Dow v Dow*, 306 AD2d 529, 530 [2003]). The court must consider the totality of the circumstances (*see Matter of Strand-O'Shea v O'Shea*, 32 AD3d at 398). The evidence adduced at the hearing in the instant matter established that the mother's apartment had become a "harried and chaotic environment" that did not provide the subject children with the focused attention and structure they needed for success in school and intellectual development. Further, the evi-

dence established that the mother had failed to provide appropriate medical attention to the children, who apparently suffered from seizure disorders and asthma. Accordingly, the record reflects that a change in circumstances had occurred, and the evidence supported the Family Court's determination that awarding sole custody of the subject children to the father was in their best interests (*see Matter of Conforti v Conforti*, 46 AD3d at 878; *Matter of Battista v Fasano*, 41 AD3d at 713).

The mother's remaining contentions are without merit.

Accordingly, there is no basis upon which to disturb the Family Court's determination granting the father's petition to modify a prior custody order dated August 7, 2006, so as to award him sole custody of the subject children. Rivera, J.P., Leventhal, Hinds-Radix and Maltese, JJ., concur.