■ BARRY BRESSLER, Respondent, v MARIA L. BRESSLER, Appellant. [996 NYS2d 160]—

In an action for a divorce and ancillary relief, the defendant appeals, by permission, from an order of the Supreme Court, Kings County (Adams, J.), dated April 12, 2013, which, inter alia, awarded the plaintiff sole legal and physical custody of the subject child and awarded her unsupervised visitation.

Ordered that the order is affirmed, without costs or disbursements.

An award of custody must be based upon the best interests of the child, and there is no prima facie right to the custody of the child in either parent (*see Friederwitzer v Friederwitzer*, 55 NY2d 89, 93 [1982]; *Matter of Francois v Hall*, 73 AD3d 1055 [2010]). In considering questions of custody, the court must make every effort to determine what is in the best interests of the child, and what will promote the child's welfare and happiness (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]). The best interests of the child are determined by a review of the totality of the circumstances (*see id.* at 172).

Factors to be considered include the quality of the home environment and parental guidance, the ability of each parent to provide for the child's emotional and intellectual development, and the financial status and ability of each parent to provide for the child (*see id.*; *Matter of Francois v Hall*, 73 AD3d at 1055; *Cuccurullo v Cuccurullo*, 21 AD3d 983, 984 [2005]). The relative fitness of each parent, as well as the effect an award of custody to one parent might have on the child's relationship with the other parent should be considered (*see Matter of Francois v Hall*, 73 AD3d at 1055; *Cuccurullo v Cuccurullo*, 21 AD3d at 984). In addition, consideration should be given to any prior award or agreement as to custody (*see Eschbach v Eschbach*, 56 NY2d at 171). While not determinative, the court should consider the child's expressed preference as an indication of what is in the child's best interest (*see id.* at 173). The court may also consider the recommendation of a court-

appointed expert, and the position of the attorney for the child (*see Matter of Andrews v Mouzon*, 80 AD3d 761, 762 [2011]; *Matter of Edwards v Rothschild*, 60 AD3d 675 [2009]; *Matter of Rolon v Medina*, 56 AD3d 676 [2008]). Additionally, if domestic violence is alleged, and such allegations are proven by a preponderance of the evidence, the court must consider the effects of such violence upon the child (*see Matter of Andrews v Mouzon*, 80 AD3d at 762; *Matter of Julie v Wills*, 73 AD3d 777 [2010]; *Matter of Moreno v Cruz*, 24 AD3d 780 [2005]; *see also* Domestic Relations Law § 240 [1]). Here, the Supreme Court properly determined that such allegations were not proven.

Since weighing the factors relevant to any custody determination requires an evaluation of the testimony and the sincerity of the parties involved, such an evaluation is best made by the trial court (*see Eschbach v Eschbach*, 56 NY2d at 173). Thus, a trial court's determination regarding an award of custody will be accorded great weight and will not be disturbed "unless it lacks a sound and substantial basis in the record" (*Matter of Blakeney v Blakeney*, 99 AD3d 898, 899 [2012]; *see Kuncman v Kuncman*, 188 AD2d 517 [1992]). Similarly, the determination of visitation is entrusted to the sound discretion of the trial court, and such determination will not be set aside unless it lacks a sound and substantial basis (*see Matter of Fulmer v Buxenbaum*, 109 AD3d 822 [2013]; *Matter of Sinnott-Turner v Kolba*, 60 AD3d 774, 775 [2009]).

Here, the trial court, after having had the opportunity to evaluate the testimony, consider the recommendations of a forensic expert, interview the subject child in camera, and consider the position of the attorney for the child, determined that the child's best interests would be served by an order awarding sole legal and physical custody of the child to the father and liberal visitation to the mother. That determination is supported by the record, and should not be disturbed on appeal (*see Eschbach v Eschbach*, 56 NY2d at 167; *Matter of Andrews v Mouzon*, 80 AD3d at 762; *Matter of Francois v Hall*, 73 AD3d at 1055).

The mother's remaining contentions are without merit (*see Meiselman v Crown Hgts. Hosp.*, 285 NY 389, 398-399 [1941]; *Felicia v Boro Crescent Corp.*, 105 AD3d 697, 698 [2013]; *Riccio v NHT Owners, LLC*, 79 AD3d 998, 1000 [2010]). Mastro, J.P., Hall, Roman and Maltese, JJ., concur.