■ In the Matter of ALEXANDRA KLIOUTCHNIKQV, Appellant, v SERGUEI KLIOUTCHNIKOV, Respondent. [12 NYS3d 190]—

Appeal from an order of the Family Court, Kings County (W. Franc Perry, J.), dated October 28, 2013. The order, insofar as appealed from, after a hearing, granted the father's petition to modify an order of that court (Carol J. Goldstein, Ct. Atty. Ref.) dated September 17, 2008, to the extent of awarding him sole residential custody of the subject child and denied the mother's petition to modify the order dated September 17, 2008, so as to award her sole custody of the subject child.

Ordered that the order dated October 28, 2013, is affirmed insofar as appealed from, without costs or disbursements.

Modification of an existing custody order is permissible only upon a showing that there has been a change in circumstances such that modification is necessary to ensure the best interests of the child (*see Matter of Worner v Gavin*, 128 AD3d 981 [2015]; *Matter of Cannella v Anthony*, 127 AD3d 745, 746 [2015]). The essential consideration in making an award of custody is the best interests of the child (*see Eschbach v Eschbach*, 56 NY2d 167, 171-173 [1982]; *Friederwitzer v Friederwitzer*, 55 NY2d 89 [1982]). "Factors to be considered include 'the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability of each parent to provide for the child, the relative fitness of the respective parents, and the effect an award of custody to one parent might have on the child's relationship with the other parent' " (*Kaplan v Kaplan*, 21 AD3d 993, 994 [2005], quoting *Miller v Pipia*, 297 AD2d 362, 364 [2002]; *see Matter of Graziani C.A. [Lisa A.]*, 117 AD3d 729, 730 [2014]; *Matter of Faunteleroy v Mercado*, 5 AD3d 482, 483 [2004]). The Family Court's custody determination, made after a hearing, should not be set aside unless lacking sound and substantial support in the record (*see Eschbach v Eschbach*, 56 NY2d at 173; *Matter of Battista v Fasano*, 41 AD3d 712, 713 [2007]; *Kaplan v Kaplan*, 21 AD3d at 995; *Matter of Faunteleroy v Mercado*, 5 AD3d at 482).

Here, the mother of the subject child agrees with the Family Court's determination that there was a sufficient change in circumstances to warrant modification of the existing custody arrangement, but she challenges the court's decision to grant the father sole residential custody of the child. The court's finding that the father had the ability to put the child's needs before his own, while the mother was resistant to fostering a relationship between the child and the father, was supported by the evidence at the hearing. The court had the opportunity to observe the parties over an extended period, and received testimony from numerous individuals, including the parties, their current spouses, and a court-appointed forensic psychologist, and interviewed the child in camera. Based on the record, the court weighed the appropriate factors and properly determined that the father should be awarded sole residential custody (*see Eschbach v Eschbach*, 56 NY2d at 171; *Matter of Graziani C.A. [Lisa A.]*, 117 AD3d at 730-731; *Matter of Faunteleroy v Mercado*, 5 AD3d at 483), while continuing the parties' joint legal custody of the subject child. Mastro, J.P., Chambers, Maltese and Duffy, JJ., concur.