Matter of Alquidamia E.R. v Luis A. (2018 NY Slip Op 01555)





Matter of Alquidamia E.R. v Luis A.


2018 NY Slip Op 01555


Decided on March 8, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 8, 2018

Sweeny, J.P., Manzanet-Daniels, Mazzarelli, Oing, Moulton, JJ.


5940

[*1]In re Alquidamia E. R., Petitioner-Respondent,
v
Luis A., Respondent-Appellant.


Andrew J. Baer, New York, for appellant.
Law Offices of Randall S. Carmel, Jericho (Randall S. Carmel of counsel), for respondent.



Order, Family Court, Bronx County (John J. Kelley, J.), entered on or about October 29, 2015, which, upon a fact-finding determination that respondent committed the family offense of harassment in the second degree, granted the petition for a two-year order of protection in favor of petitioner and her minor son, unanimously modified, on the law and the facts, to remove reference to petitioner's son from the order of protection, and otherwise affirmed, without costs.
The Family Court properly granted the petition, as petitioner established by a preponderance of the evidence that respondent, her husband, committed the act of harassment in the second degree by physically shoving her and making threats of physical violence toward her while having the requisite intent to harass, annoy or alarm her (see Penal Law § 240.26[1]).
Family Court's determination regarding the credibility of petitioner's testimony is entitled to great deference, and there is no basis to disturb its findings (Matter of Everett C. v Oneida P., 61 AD3d 489, 489 [1st Dept 2009]; see also Andrews v Mouzon, 80 AD3d 761, 763 [2d Dept 2011]).
The order of protection should be modified to the extent indicated as there is no evidence in the record to support extending the order to petitioner's son. Although the order of protection has expired, modification is warranted as there may be additional consequences for respondent as a result of the order (see Matter of Veronica P. v Radcliff A. (24 NY3d 668 [2015]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 8, 2018
CLERK