Levitin v Levitin (2018 NY Slip Op 08288)





Levitin v Levitin


2018 NY Slip Op 08288


Decided on December 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
BETSY BARROS, JJ.


2017-12121
 (Index No. 13598/13)

[*1]Michelle Levitin, respondent, 
v
Joshua Levitin, appellant.


Joseph Obermeister, Cedarhurst, NY, for appellant.
Barry J. Fisher, P.C., Garden City, NY (Cheryl L. Jakinovich of counsel), for respondent.
Lawrence M. Schaffer, Plainview, NY, attorney for the children.



DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from a judgment of divorce of the Supreme Court, Queens County (Lenora Gerald, J.), entered September 20, 2017. The judgment, insofar as appealed from, upon a decision of the same court dated November 29, 2016, made after a nonjury trial, awarded the plaintiff sole custody of the parties' children and permission to relocate to California, awarded the defendant parental access and telephone contact with the children, and awarded the plaintiff maintenance, child support, and counsel fees.
ORDERED that the judgment of divorce is modified, on the facts and in the exercise of discretion, (1) by adding thereto a provision stating that with respect to the Jewish holidays of Rosh Hashanah, Succoth, Hanukkah, and Purim, commencing upon the close of the school day for all three children on the day prior to the holiday and ending on the day prior to the children's return to school, the defendant shall have the children on all even numbered years and the plaintiff shall have the children on all odd numbered years, and (2) by adding thereto a provision directing that the defendant's telephone contact with the children on Friday evenings and the beginning of Jewish holidays shall be one hour prior to sunset in New York City; as so modified, the judgment of divorce is affirmed insofar as appealed from, with costs to the plaintiff.
The parties were married on June 5, 2007, and had three children together. The plaintiff, who did not work outside of the home, was the children's primary caretaker and maintained the marital home, while the defendant was the sole source of financial support for this observant Orthodox Jewish family. The plaintiff commenced this action for a divorce and ancillary relief seeking, inter alia, sole custody of the parties' children and permission to relocate with them to California, where she originally came from and where her own family still resides. The plaintiff alleged that she was the victim of domestic violence, including rape by the defendant. Following a nonjury trial, the Supreme Court issued a written decision dated November 29, 2016, in which it, inter alia, credited the plaintiff's allegations of domestic violence and rape, awarded her sole custody of the parties' children, and permitted her to relocate with them to California. A judgment of divorce was thereafter entered September 20, 2017, upon the decision. The defendant appeals.
In making a custody determination, the paramount consideration is the best interests of the children (see Eschbach v Eschbach, 56 NY2d 167, 171; Friederwitzer v Friederwitzer, 55 NY2d 89, 95). In cases in which domestic violence is alleged, and the allegations are proven by a preponderance of the evidence, the court must consider the effect of such domestic violence upon the best interests of the children (see Bressler v Bressler, 122 AD3d 659, 660; Matter of Andrews v Mouzon, 80 AD3d 761, 761). Here, contrary to the defendant's contention, the Supreme Court properly considered the allegations of domestic violence, along with all the other relevant factors, in awarding sole custody of the parties' children to the plaintiff. Further, the court's determination that the plaintiff's proposed relocation to California with the parties' children is in the best interests of the children is supported by a sound and substantial basis in the record (see Matter of Tropea v Tropea, 87 NY2d 727, 739-42). Among other things, the plaintiff demonstrated that the defendant ostracized and alienated her from their Orthodox Jewish community in New York, that she could not meet the family's living expenses in New York, and if she were permitted to relocate, she would receive, from her parents, financial assistance and assistance with child care, as well as the opportunity for her and the children to live with her parents rent-free (see Matter of Davis v Ogden, 109 AD3d 539; Matter of Tracy A.G. v Undine J., 105 AD3d 1046; Tsui v Tsui, 99 AD3d 793; Matter of Harrsch v Jesser, 74 AD3d 811).
The Supreme Court's custody and relocation determinations, which turn in large part on its assessments of the credibility, character, temperament, and sincerity of the parties, have a sound and substantial basis in the record, and will not be disturbed (see Fenech v Fenech, 141 AD3d 683, 685; Matter of Ceballos v Leon, 134 AD3d 931; Matter of DeCillis v DeCillis, 128 AD3d 818; Matter of Doyle v Debe, 120 AD3d 676, 680; Matter of Gooler v Gooler, 107 AD3d 712, 712; Albert v Albert, 60 AD3d 979).
Although relocation will have an impact on the defendant's ability to spend time with the children, a liberal parental access schedule, including extended parental access during the summer and school vacations, will allow for the continuation of a meaningful relationship between the defendant and the children (see Matter of Hall v Hall, 118 AD3d 879). Accordingly, in the exercise of our discretion, we agree with the defendant that in addition to the liberal parental access and telephone contact afforded to him by the Supreme Court, he should be given additional holiday parental access with the children, and his telephone contact with them should be modified to accommodate his religious observances, to the extent indicated herein.
The defendant's remaining contentions are without merit.
RIVERA, J.P., CHAMBERS, COHEN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court