Matter of Olivieri v Olivieri (2019 NY Slip Op 01768)





Matter of Olivieri v Olivieri


2019 NY Slip Op 01768


Decided on March 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
ROBERT J. MILLER
SYLVIA O. HINDS-RADIX, JJ.


2018-03686
 (Docket Nos. V-3403-16, V-3404-16, V-34690-17, V-34691-17)

[*1]In the Matter of Stephen Olivieri, respondent,
v
Lauren Olivieri, appellant. (Proceeding No. 1)
In the Matter of Lauren Olivieri, appellant,Stephen Olivieri, respondent. (Proceeding No. 2)


Zelenitz, Shapiro & D'Agostino, P.C., Briarwood, NY (Zachary Karram and Lisa A. D'Agostino of counsel), for appellant.
Anna Stern, Brooklyn, NY, for respondent.
Karen P. Simmons, Brooklyn, NY (Lee D. Tarr, Janet Neustaetter, and Rachel Stanton of counsel), attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Kings County (Sharon A. Bourne-Clarke, J.), dated March 13, 2018. The order, insofar as appealed from, after a hearing, granted that branch of the father's petition which was for sole physical custody of the parties' two children, determined the parties' respective decision-making authority, and, in effect, denied that branch of the mother's cross petition which was for sole physical custody of the children.
ORDERED that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, without costs or disbursements, that branch of the father's petition which was for sole physical custody of the parties' two children is denied, that branch of the mother's cross petition which was for sole physical custody of the children is granted, the mother shall have final decision-making authority when the parties cannot agree, and the matter is remitted to the Family Court, Kings County, to establish an appropriate parental access schedule.
The parties have two children from their marriage: a child who was born in 2005 and who has special needs, and a child who was born in 2008. The mother is a special education teacher. The father works in manufacturing. In 2012, the family moved from Brooklyn to Virginia. While living in Virginia, the parties separated. Upon returning to New York in June 2015, they agreed that the children would reside with the mother during the week and with the father on the weekends. In February 2016, the father, upon learning that the mother intended to move to New Jersey with the children, petitioned for sole custody of the children. Almost two years later, during which time the parties honored their agreement and the Family Court held a fact-finding hearing, the mother cross-[*2]petitioned for sole custody of the children and for permission to relocate with the children to New Jersey, where the rest of her family resided. The court awarded sole physical custody of the children to the father, with specified parental access and decision-making authority on certain issues to the mother. The court also directed that if the mother relocated to New Jersey, she would be responsible for all pick-ups and drop-offs. The mother appeals from the court's determination as to custody, but not from the denial of that branch of her cross petition which was for permission to relocate with the children to New Jersey.
The "paramount" concern in determining child custody is the best interests of the child (Friederwitzer v Friederwitzer, 55 NY2d 89, 94 [internal quotation marks omitted]; see Matter of Williams v Bryson, 167 AD3d 1021, 1021-1022). A court determining what custody arrangement will be in the best interests of the child must consider the totality of the circumstances (see Matter of Williams v Bryson, 167 AD3d at 1021; Matter of Fallo v Tallon, 118 AD3d 991, 992). Stability and continuity in a child's life are important factors (see Matter of Williams v Bryson, 167 AD3d at 1021-1022; Mater of Moran v Cortez, 85 AD3d 795, 795; Gonzalez v Gonzalez, 17 AD3d 635, 636). Accordingly, a court determining a custody petition may take into account the stability and continuity afforded by the present arrangement, even when that arrangement originally arose from a voluntary agreement between the parties (see Gonzalez v Gonzalez, 17 AD3d at 636; Matter of Krebsbach v Gallagher, 181 AD2d 363, 365). Other factors to be considered "include the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability of each parent to provide for the child, the relative fitness of the respective parents, and the effect an award of custody to one parent might have on the child's relationship with the other parent" (Matter of Kreischer v Perry, 83 AD3d 841, 841; see Eschbach v Eschbach, 56 NY2d 167, 172).
On review of a custody determination, we defer to credibility determinations made by the hearing court in light of that court's opportunity to evaluate the witnesses first-hand, but our authority to determine custody is as broad as that of the hearing court (see Matter of Louise E.S. v W. Stephen S., 64 NY2d 946, 947; Matter of Moran v Cortez, 85 AD3d at 796). Here, giving appropriate weight to the Family Court's determinations of witness credibility—the court found that both the mother and the father had "endeavored to be truthful as qualified by their respective interests and perspectives"—we nevertheless disagree with the court's ultimate determination to award sole physical custody to the father. Most important in our determination is that the mother, who has been the primary custodian of the children since June 2015, has paid close attention to their needs, and has acted promptly to address areas of concern. Further, the mother has a history of stable employment and has made all of the medical and educational decisions for the children. Moreover, her special-education training makes her a particularly appropriate choice, given the special needs of the parties' eldest child. Finally, of considerable importance to our determination is that the mother has fostered a relationship between both children and the father. Notable in this regard is that the mother has not appealed from the court's denial of that branch of her cross petition which was for permission to relocate with the children to New Jersey. In sum, we conclude, under the totality of the circumstances, that the mother should be awarded sole physical custody of the children and final decision-making authority when the parties cannot agree.
We remit the matter to the Family Court, Kings County, to determine a parental access schedule. In providing for parental access, the Family Court shall consider promoting the parties' close relationships with the children by providing the father with some meaningful weekday access to the children and the mother with some weekend access.
SCHEINKMAN, P.J., BALKIN, MILLER and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court