Silla v Silla (2021 NY Slip Op 07571)





Silla v Silla


2021 NY Slip Op 07571


Decided on December 29, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 29, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SYLVIA O. HINDS-RADIX, J.P.
SHERI S. ROMAN
FRANCESCA E. CONNOLLY
DEBORAH A. DOWLING, JJ.


2021-03583
 (Index No. 53275/18)

[*1]Thomas Silla, Jr., appellant,
v
Melissa Silla, respondent.


Anthony M. Bramante, Brooklyn, NY, for appellant.
Austin I. Idehen, Jamaica, NY, attorney for the child.



DECISION & ORDER
In an action for a divorce and ancillary relief, the plaintiff appeals from an order of the Supreme Court, Kings County (Joanne D. Quiñones, J.), dated May 11, 2021. The order, insofar as appealed from, in effect, granted, without a hearing, that branch of the defendant's motion which was, in effect, to modify the custody provisions of the parties' separation agreement dated May 24, 2018, memorialized in an order of the same court (Theresa M Ciccotto, J.) dated September 24, 2018, so as to award her joint physical custody of the parties' youngest child. By decision and order on motion dated June 23, 2021, this Court granted that branch of the plaintiff's motion which was for a stay of enforcement of the order appealed from pending hearing and determination of the appeal.
ORDERED that the order dated May 11, 2021, is reversed insofar as appealed from, on the law and in the exercise of discretion, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for a hearing and a new determination thereafter of that branch of the defendant's motion which was to modify the custody provisions of the parties' separation agreement; and it is further,
ORDERED that pending a hearing and new determination of that branch of the defendant's motion which was to modify the custody provisions of the parties' separation agreement, physical custody of the parties' youngest child shall remain with the plaintiff.
The parties are married and have two children together, the youngest of whom was
born in 2010 (hereinafter the child). Pursuant to a separation agreement dated May 24, 2018, later memorialized in an order dated September 24, 2018, the parties agreed, inter alia, that while they would share joint legal custody of the child, the plaintiff would have physical custody, and the defendant would have overnight parental access on Tuesday evenings and every other weekend (hereinafter the custody arrangement).
In March 2021, the defendant moved, inter alia, in effect, to modify the custody arrangement so as to award her joint physical custody of the child whereby the child would reside with her for a full week, every other week. In support of her motion, she alleged behavior on the part of the plaintiff which was embarrassing to her and the child and interfered with their relationship, and alleged that the child expressly desired to reside with her. In the order appealed from, the Supreme Court, without conducting a hearing, in effect, granted that branch of the defendant's motion which was, in effect, to modify the custody arrangement so as to award her joint physical custody of the child. The plaintiff appeals. By decision and order on motion dated June 23, 2021, [*2]this Court granted that branch of the plaintiff's motion which was for a stay of enforcement of the order appealed from pending hearing and determination of the appeal.
"In order to modify an existing custody arrangement, there must be a showing of a subsequent change of circumstances so that modification is required to protect the best interests of the child" (Majeed v Majeed, 194 AD3d 916, 917 [internal quotation marks omitted]; see Matter of Gurewich v Gurewich, 58 AD3d 628, 629; Robert C.R. v Victoria R., 143 AD2d 262, 264). "Custody determinations should generally be made only after a full and plenary hearing" (Palazzola v Palazzola, 188 AD3d 1081, 1082; see Trazzera v Trazzera, ___ AD3d ___, ___, 2021 NY Slip Op 06208, *3 [2d Dept]; Matter of Poltorak v Poltorak, 167 AD3d 903, 905). "A party seeking a change in [parental access] or custody is not automatically entitled to a hearing" (Majeed v Majeed, 194 AD3d 916, 917 [internal quotation marks omitted]; see Matter of Newton v McFarlane, 174 AD3d 67, 76). However, "where 'facts material to the best interest analysis, and the circumstances surrounding such facts, remain in dispute,' a hearing is required" (Palazzola v Palazzola, 188 AD3d at 1082, quoting S.L. v J.R., 27 NY3d 558, 564).
Here, the record shows that there were disputed factual issues such that a hearing on that branch of the defendant's motion which was, in effect, to modify the custody arrangement was necessary (see S.L. v J.R., 27 NY3d at 564; Palazzola v Palazzola, 188 AD3d at 1082).
Accordingly, we reverse the order insofar as appealed from, and remit the matter to the Supreme Court, Kings County, for a hearing on that branch of the defendant's motion which was, in effect, to modify the custody arrangement so as to award her joint physical custody of the child, and a new determination thereafter.
The parties' remaining contentions are without merit.
HINDS-RADIX, J.P., ROMAN, CONNOLLY and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court