Matter of Arevalo v Maldonado (2022 NY Slip Op 02540)

Matter of Arevalo v Maldonado

2022 NY Slip Op 02540

Decided on April 20, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 20, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
JOSEPH J. MALTESE
LARA J. GENOVESI, JJ.

2021-04771
 (Docket No. V-20817-07/18I)

[*1]In the Matter of Marlon Arevalo, respondent,
v
Wendy Maldonado, appellant.

Austin I. Idehen, Jamaica, NY, for appellant.
David Laniado, Cedarhurst, NY, for respondent.
Robin Stone Einbinder, Flushing, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court article 6, the mother appeals from an order of the Family Court, Queens County (Emily M. Martinez, Ct. Atty. Ref), dated June 7, 2021. The order, after a hearing, granted the father's petition to modify an order the same court (Craig Ramseur, Ct. Atty. Ref) dated April 28, 2017, so as to award him sole residential custody of the parties' child, with parental access to the mother.
ORDERED that the order dated June 7, 2021, is affirmed, without costs or disbursements.
The parties, who were never married, are the parents of one child, born in 2006. The Family Court, in an order dated June 7, 2021, made after a hearing and an in camera interview with the child, granted the father's petition to modify a prior order dated April 28, 2017, so as to award him sole residential custody of the child, with parental access to the mother. The child will be 16 years old this year. The mother appeals.
"Modification of an existing custody order is permissible only upon a showing that there has been a change in circumstances such that modification is necessary to ensure the best interests of the child" (Matter of Klioutchnikov v Klioutchnikov, 129 AD3d 969, 969; see Matter of Kortright v Bhoorasingh, 137 AD3d 1037, 1037). Here, contrary to the mother's contention, the Family Court's determination that there had been a change in circumstances requiring a transfer of residential custody to the father to ensure the best interests of the child has a sound and substantial basis in the record (see Matter of Gangi v Sanfratello, 157 AD3d 677; Matter of Bullard v Clark, 154 AD3d 846).
DILLON, J.P., DUFFY, MALTESE and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court