Matter of McDowell v Marshall (2022 NY Slip Op 06248)

Matter of McDowell v Marshall

2022 NY Slip Op 06248

Decided on November 9, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2021-07729
2021-07731
 (Docket No. V-24551-15/19B)

[*1]In the Matter of James Clayton McDowell, respondent,
v
Chaya Mushka Marshall, appellant.

Abrams Fensterman, LLP, White Plains, NY (Robert A. Spolzino and Lisa Colosi Florio of counsel), for appellant.
Paul Leavin, New York, NY, for respondent.
Karen P. Simmons, Brooklyn, NY (Janet Neustaetter of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from (1) an order of the Family Court, Kings County (Kathleen C. Waterman, J.), dated October 1, 2021, and (2) an amended order of the same court dated October 13, 2021. The order and the amended order, insofar as appealed from, after a hearing, granted the father's petition to modify the custody provisions of a stipulation dated June 12, 2017, set aside the stipulation, awarded the father primary physical custody of the child and final decision-making authority, and directed the mother to seek permission from the court before filing any additional petitions, whether for custody or alleging a family offense.
ORDERED that the appeal from the order dated October 1, 2021, is dismissed, without costs or disbursements, as it was superseded by the amended order dated October 13, 2021; and it is further,
ORDERED that the amended order dated October 13, 2021, is modified, on the law, the facts, and in the exercise of discretion, by deleting the provision thereof directing the mother to seek permission from the court before filing any additional petitions, whether for custody or alleging a family offense; as so modified, the amended order dated October 13, 2021, is affirmed insofar as appealed from, without costs or disbursements, and the order dated October 1, 2021, is modified accordingly.
The parties have one child together, who was born in February 2015. The parties entered into a stipulation dated June 12, 2017, which provided for, inter alia, joint legal custody with primary residential custody to the mother. In September 2018, the mother commenced a family offense proceeding alleging that the father sexually abused the child, and at the same time, also filed a petition to modify the custody arrangement premised on a substantial change of circumstances. The family offense proceeding, asserting allegations of sexual abuse, which allegations were investigated by the New York Police Department from September 2018, and subsequently [*2]determined to be unfounded by the Administration for Children's Services, was dismissed in June 2019. By order dated June 25, 2019, the father's unsupervised visitation was resumed.
In October 2019, the mother had the child treated at an urgent care center for a rectal irritation, and reiterated the allegations of sexual abuse. When the child was examined, he engaged in a tantrum and was transported to the hospital by ambulance. This course of events caused the father to commence the instant proceeding to modify the custody arrangement so as to award him primary physical custody of the child and final decision-making authority. At the commencement of the hearing on the father's modification petition, the mother withdrew her modification petition. The Family Court, after a hearing, inter alia, granted the father's petition, set aside the stipulation dated June 12, 2017, awarded the father primary physical custody of the child and final decision-making authority, and directed the mother to seek permission from the court before filing any additional petitions, whether for custody or alleging a family offense. The mother appeals.
"'In order to modify an existing custody arrangement, there must be a showing of a subsequent change of circumstances so that modification is required to protect the best interests of the child'" (Silla v Silla, 200 AD3d 1091, 1092, quoting Majeed v Majeed, 194 AD3d 916, 917). "The best interests of the child must be determined by a review of the totality of the circumstances" (Matter of Walker v Sterkowicz-Walker, 203 AD3d 1165, 1167). Repeated and unfounded allegations of sexual abuse are a sufficient change of circumstances (see Matter of Honeywell v Honeywell, 39 AD3d 857). Further, where the initial custody arrangement is based upon an agreement between the parties, it is entitled to less weight than the determination by a court (see Friederwitzer v Friederwitzer, 55 NY2d 89, 94-95; Matter of Martinez v Hyatt, 86 AD3d 571; Matter of Patsy M.C. v Lorna W.C., 165 AD2d 813, 814).
The Family Court properly found that there was a change of circumstances sufficient to change the parties' custodial arrangement, based upon, inter alia, the mother's repetition of sexual abuse allegations when she sought medical treatment for the child in October 2019, after those allegations had been determined to be unfounded. Further, the evidence of a hostile relationship between the mother and the father indicated that joint decision-making was untenable, which was also a change of circumstances (see Matter of D'Amico v Corrado, 129 AD3d 718).
There was no in camera interview in this case, and no one requested one. The attorney for the child stated he did not want to present the child for an in camera interview, owing to the child's young age. In view of the child's young age, an in camera interview to ascertain the child's wishes was not required (see Bibas v Bibas, 58 AD3d 586, 588; Matter of Rudy v Mazzetti, 5 AD3d 777).
The Family Court's determination that there had been a change in circumstances requiring a transfer of primary physical custody and final decision-making authority to the father to ensure the best interests of the child has a sound and substantial basis in the record (see Matter of Arevalo v Maldonado, 204 AD3d 904).
However, the provisions of the order dated October 1, 2021, and the amended order dated October 13, 2021, directing the mother to seek permission from the court before filing any additional petitions, whether for custody or alleging a family offense, constituted an improvident exercise of discretion. Here, the mother filed one family offense petition, ultimately determined to be unfounded, and filed one related petition to modify the parties' custody arrangement. On this record, it cannot be said that the mother engaged in vexatious litigation or that her petitions were filed in bad faith (cf. Matter of McNelis v Carrington, 105 AD3d 848, 849; Scholar v Timinisky, 87 AD3d 577, 579).
The mother's remaining contentions are without merit.
CONNOLLY, J.P., MILLER, FORD and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court