*953 In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Queens County (Stanton, Ct. Atty. Ref.), dated May 10, 2013, which, upon a decision of the same court, also dated May 10, 2013, made after a hearing, granted the father’s petition for sole custody of the parties’ child with certain visitation to her.
Ordered that the order is affirmed, without costs or disbursements.
There is no merit to the mother’s contention that the Court Attorney Referee lacked authority to hear and determine the petition, since the record demonstrates that the parties executed a stipulation consenting to such a reference (see CPLR 4317 [a]; Matter of Phelps v Hunter, 101 AD3d 1689 [2012]; cf. Matter of McClarin v Valera, 108 AD3d 719 [2013]; Matter of Stewart v Mosley, 85 AD3d 931, 932 [2011]).
“When determining custody cases, the primary concern is the best interests of the child” (Salvatore v Salvatore, 68 AD3d 966, 966 [2009] [internal quotation marks omitted]; see Eschbach v Eschbach, 56 NY2d 167, 171 [1982]; Matter of Edwards v Rothschild, 60 AD3d 675, 676 [2009]). The factors to be considered in determining the custody arrangement that is in the child’s best interests include “the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child’s emotional and intellectual development, the financial status and ability of each parent to provide for the child, the relative fitness of the respective parents, and the effect an award of custody to one parent might have on the child’s relationship with the other parent” (Matter of Miguel R. v Maria N., 104 AD3d 771, 772 [2013]; see Eschbach v Eschbach, 56 NY2d at 171-173; Matter of Mullins v Riener, 100 AD3d 760, 761 [2012]). “As custody determinations turn in large part on assessments of the credibility, character, temperament, and sincerity of the parties, the Family Court’s determination should not be disturbed unless it lacks a sound and substantial basis in the record” (Matter of Khan-Soleil v Rashad, 111 AD3d 728, 729 [2013] [internal quotation marks omitted]; see Eschbach v Eschbach, 56 NY2d at 173; Matter of Cornejo v Salas, 110 AD3d 1068 [2013]).
Contrary to the mother’s contention, the Family Court’s determination that it was in the child’s best interests to award sole custody to the father has a sound and substantial basis in the record. Accordingly, we decline to disturb it (see Matter of McKoy v Vatter, 106 AD3d 1090 [2013]; Matter of Guzman v Pizarro, 102 AD3d 964, 965 [2013]).
*954 “The admissibility and scope of expert testimony is a determination within the discretion of the trial court” (Galasso v 400 Exec. Blvd., LLC, 101 AD3d 677, 678 [2012]; see De Long v County of Erie, 60 NY2d 296, 307 [1983]; Christoforatos v City of New York, 90 AD3d 970, 970 [2011]). Generally, an expert “should be permitted to offer an opinion on an issue which involves a professional or scientific knowledge or skill not within the range of ordinary training or intelligence” (Shi Pei Fang v Deng Sang Realty Corp., 38 AD3d 520, 521 [2007] [internal quotation marks omitted]; see De Long v County of Erie, 60 NY2d at 307; Selkowitz v County of Nassau, 45 NY2d 97, 101-102 [1978]). Here, the Family Court did not improvidently exercise its discretion in admitting the testimony of the father’s expert. Contrary to the mother’s contention, the expert’s testimony was “based on facts in the record and his own analysis, not speculation” (Felicia v Boro Crescent Corp., 105 AD3d 697, 698 [2013]; see Plainview Water Dist. v Exxon Mobil Corp., 66 AD3d 754, 755 [2009]).
The mother’s remaining contentions are either unpreserved for appellate review or without merit.
Skelos, J.E, Dickerson, Leventhal and Hall, JJ., concur.