■ In the Matter of ADA M. JURADO, Petitioner, v LIANA JURADO, Respondent. (Proceeding No. 1.) In the Matter of LIANA JURADO, Appellant, v ADA M. GALVEZ-JURADO, Respondent. (Proceeding No. 2.) In the Matter of JESSE PRESTON, Respondent, v LIANA JURADO, Appellant. (Proceeding No. 3.) [989 NYS2d 316]—

In three related child custody proceedings pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Orange County (Currier Woods, J.), dated February 1, 2013, as, after a hearing, denied her petition for sole custody of the subject child and granted the father's petition for sole legal and physical custody of the subject child.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

In determining the custody arrangement that is in a child's best interests, the court must consider, among other things, the quality of the home environment, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability of each parent to provide for the child, and the relative fitness of the parents (*see Matter of Louise E.S. v W. Stephen S.*, 64 NY2d 946, 947 [1985]; *Matter of Edwards v Rothschild*, 60 AD3d 675, 677 [2009]). "As custody determinations turn in large part on assessments of the credibility, character, temperament, and sincerity of the parties, the Family Court's determination should not be disturbed unless it lacks a sound and substantial basis in the record" (*Matter of Tori v Tori*, 103 AD3d 654, 655 [2013]). Here, the Family Court's

determination to award sole legal and physical custody of the subject child to the father had a sound and substantial basis in the record (*see Matter of Edwards v Rothschild*, 60 AD3d at 677). Dillon, J.P., Hall, Miller and Hinds-Radix, JJ., concur.