■ In the Matter of CHANDRA EISON, Respondent, v THOMAS EISON, Appellant. [989 NYS2d 383]—

In a custody and visitation proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Queens County (Hunt, J.), dated November 15, 2013, which, after a hearing, granted the mother's petition for sole legal and physical custody of the parties' children.

Ordered that the order is affirmed, without costs or disbursements.

The essential consideration in any custody controversy is the best interests of the child (see *Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]). In determining the best interests of the child, the court must evaluate the "totality of [the] circumstances" (*Friederwitzer v Friederwitzer*, 55 NY2d 89, 95-96 [1982]). "Custody determinations depend to a very great extent upon the hearing court's assessment of the credibility of the witnesses and of the character, temperament, and sincerity of the parties. Thus, where a hearing court has conducted a complete evidentiary hearing, its finding must be accorded great weight, and its grant of custody will not be disturbed unless it lacks a sound and substantial basis in the record" (*Nicholas T. v Christine T.*, 42 AD3d 526, 527 [2007] [citations and internal quotation marks omitted]; see *Matter of Irene O.*, 38 NY2d 776, 777 [1975]).

The Family Court's determination awarding the mother sole legal and physical custody of the parties' children has a sound and substantial basis in the record. The parties have, for the most part, been separated for many years, and during the period of separation, the children have resided with the mother. Although there was evidence that the father was a loving parent, the court properly concluded that it was in the children's best interests to remain with their mother (see *Matter of Larkin v White*, 64 AD3d 707 [2009]; *Matter of Fallarino v Ayala*, 41 AD3d 714, 715 [2007]). Moreover, the liberal visitation schedule gives the father a meaningful opportunity to maintain a close relationship with the children (see *Matter of Ellis v Burke*, 108 AD3d 764 [2013]; *Matter of Dwyer-Hayde v Forcier*, 67 AD3d 1011 [2009]).

The father's remaining contentions are either without merit or not properly before this Court. Dickerson, J.P., Leventhal, Austin and Hinds-Radix, JJ., concur.