■ In the Matter of CLYDE MCLENNAN, Respondent, v NAKIA GORDON, Appellant. (Proceeding No. 1.) In the Matter of NAKIA GORDON, Appellant, v CLYDE MCLENNAN, Respondent. (Proceeding No. 2.) [996 NYS2d 339]—

In related child custody proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Kings County (Ramirez, J.), dated July 26, 2013, which, after hearing, granted the father's petition for sole custody of the parties' daughter and denied her cross petition for the same relief.

Ordered that the order is affirmed, without costs.

The essential consideration in determining custody is the best interests of the child (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Matter of Saravia v Godzieba*, 120 AD3d 821 [2014]; *Matter of Gribeluk v Gribeluk*, 120 AD3d 579 [2014]; *Matter of Eison v Eison*, 119 AD3d 861 [2014]), and there is "no prima facie right to the custody of the child in either parent" (Domestic Relations Law §§ 70 [a]; 240 [1] [a]; *see Friederwitzer v Friederwitzer*, 55 NY2d 89 [1982]; *Matter of Wallace v Roberts*, 105 AD3d 1053 [2013]; *Lionetti v Lionetti*, 100 AD3d 971 [2012]). The factors to be considered in making a custody determination include "the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability of each parent to provide for the child, the relative fitness of the respective parents, and the effect an award of custody to one parent might have on the child's relationship with the other parent" (*Matter of Islam v Lee*, 115 AD3d 952, 952-953 [2014] [internal quotation marks omitted]; *see Matter of Maraj v Gordon*, 102 AD3d 698 [2013]; *Matter of McGovern v Lynch*, 62 AD3d 712 [2009]). The "existence or absence of any one factor cannot be determinative on appellate review since the court is to consider the totality of the circumstances" (*Eschbach v Eschbach*, 56 NY2d at 174; *see Maraj v Gordon*, 102 AD3d at 698; *Matter of Blakeney v Blakeney*, 99 AD3d 898 [2012]; *Pollack v Pollack*, 56 AD3d 637 [2008]).

Moreover, custody determinations depend to a great extent upon the hearing court's assessment of the credibility of the witnesses and of the character, temperament, and sincerity of the parties (*see Matter of Gribeluk v Gribeluk*, 120 AD3d at 579; *Matter of Weiss v Rosenthal*, 120 AD3d 505 [2014]; *Matter of Eison v Eison*, 119 AD3d at 861). Accordingly, where a hearing

court has conducted a complete evidentiary hearing, its credibility finding must be accorded great weight and its grant of custody will not be disturbed unless it lacks a sound and substantial basis in the record (*see Matter of Saravia v Godzieba*, 120 AD3d at 821; *Matter of Gribeluk v Gribeluk*, 120 AD3d at 579; *Matter of Cruz v Cruz*, 118 AD3d 780 [2014]).

When the aforementioned factors are applied in this case, the Family Court's determination to grant sole custody of the parties' daughter to the father has a sound and substantial basis in the record. The evidence at the hearing established that the child, who was six years old at the time of the hearing, had been in the father's care since at least February of 2011, after the mother, who lived in Florida, sent her to live with the father, who lived in New York. The evidence further showed that the child was happy and well-adjusted, was close to her father and mother, and was doing satisfactorily in school. In addition, the evidence showed that the father was financially able to provide for the child, had provided a good home environment, had adequately provided for the child's emotional and intellectual development, and had fostered the child's continued relationship with the mother. Accordingly, the Family Court's award of sole custody to the father was not an improvident exercise of discretion and will not be disturbed. Rivera, J.P., Hall, Austin and Cohen, JJ., concur.