■ BRIAN McDONALD, Respondent, v TANYA McDONALD, Appellant. [998 NYS2d 389]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Westchester County (Sweeny, Jr., J.), dated October 26, 2012, as, after a nonjury trial, awarded physical custody of the parties' child to the plaintiff.

Ordered that the judgment is affirmed insofar as appealed from, without costs or disbursements.

"When determining custody cases, the primary concern is the best interests of the child" (*Salvatore v Salvatore*, 68 AD3d 966, 966 [2009]; *see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Matter of Islam v Lee*, 115 AD3d 952, 953 [2014]). "The factors to be considered in determining the custody arrangement that is in the child's best interests include the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability of each parent to provide for the child, the relative fitness of the respective parents, and the effect an award of custody to one parent might have on the child's relationship with the other parent" (*Matter of Islam v Lee*, 115 AD3d at 953 [internal quotation marks omitted]; *see Eschbach v Eschbach*, 56 NY2d at 171-173; *Matter of Miguel R. v Maria N.*, 104 AD3d 771, 772 [2013]). "As custody determinations turn in large part on assessments of the credibility, character, temperament, and sincerity of the parties, the [hearing court's] determination

should not be disturbed unless it lacks a sound and substantial basis in the record" (*Matter of Jurado v Jurado*, 119 AD3d 796, 796 [2014] [internal quotation marks omitted]; *see Eschbach v Eschbach*, 56 NY2d at 173; *Iacono v Iacono*, 117 AD3d 988 [2014]). The Supreme Court's determination that it was in the best interests of the child to award physical custody of her to the father has a sound and substantial basis in the record and, accordingly, we decline to disturb it (*see Iacono v Iacono*, 117 AD3d at 988-989).

Contrary to the mother's contention, the existence of an interim order awarding her physical custody, which was made without a hearing, did not require the court to engage in a change-of-circumstances analysis in determining the permanent award after a hearing had been held. "The award of temporary custody to a parent before a hearing is conducted is only one factor to be considered in awarding permanent custody; the permanent award made after a hearing is treated as an initial custody determination, and [the court] is not required to engage in a change-of-circumstances analysis before awarding custody to the other parent" (*Matter of Holohan v Levens*, 106 AD3d 1003, 1004 [2013] [internal quotation marks omitted]; *see Matter of Williams v Dowgiallo*, 90 AD3d 942 [2011]; *Matter of Quinones v Gonzalez*, 79 AD3d 893, 894 [2010]).

Under the circumstances of this case, the Supreme Court did not improvidently exercise its discretion in determining the issue of custody without a forensic evaluation of the parties and child (*see Matter of Solovay v Solovay*, 94 AD3d 898, 900 [2012]; *Matter of Martin v Martin*, 15 AD3d 662 [2005]; *Kaplansky v Kaplansky*, 212 AD2d 667, 668 [1995]; *Guevara v Guevara*, 132 AD2d 596 [1987]). There was no credible evidence presented at the hearing that warranted a forensic evaluation (*see Matter of Solovay v Solovay*, 94 AD3d at 900). Dillon, J.P., Miller, Maltese and Duffy, JJ., concur.