■ In the Matter of ERYBERTO TEJADA, Appellant, v SHIRLEY TEJADA, Respondent. [6 NYS3d 122]—

Appeal from an order of the Family Court, Queens County (Nicholette M. Pach, J.H.O.), dated March 27, 2013. The order, after a hearing, inter alia, granted the father's petition for sole custody of the subject child.

Ordered that the order is affirmed, without costs or disbursements.

"When determining custody cases, the primary concern is the best interests of the child" (*McDonald v McDonald*, 122 AD3d 911, 911 [2014]; *see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Matter of Islam v Lee*, 115 AD3d 952, 953 [2014]). "The factors to be considered in determining the custody arrangement that is in the child's best interests include the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability of each parent to provide for the child, the relative fitness of the respective parents, and the effect an award of custody to one parent might have on the child's relationship with the other parent" (*McDonald v Mc-*

*Donald*, 122 AD3d at 911-912 [internal quotation marks omitted]; *see Eschbach v Eschbach*, 56 NY2d at 171-173; *Matter of Islam v Lee*, 115 AD3d at 953). The child's expressed preference is an additional factor to be considered, taking into account the child's age, maturity, and any potential influence that may have been exerted on him or her (*see Eschbach v Eschbach*, 56 NY2d at 173; *Bressler v Bressler*, 122 AD3d 659 [2014]). Additionally, if domestic violence is alleged, and such allegations are proven by a preponderance of the evidence, the court must consider the effect of such violence upon the child (*see* Domestic Relations Law § 240 [1]; *see Bressler v Bressler*, 122 AD3d at 660; *Matter of Felty v Felty*, 108 AD3d 705, 707 [2013]). "The 'existence or absence of any one factor cannot be determinative on appellate review since the court is to consider the totality of the circumstances' " (*Matter of McLennan v Gordon*, 122 AD3d 742, 742 [2014], quoting *Eschbach v Eschbach*, 56 NY2d at 174).

"As custody determinations turn in large part on assessments of the credibility, character, temperament, and sincerity of the parties, the Family Court's determination [following a complete evidentiary hearing] should not be disturbed unless it lacks a sound and substantial basis in the record" (*Matter of Jurado v Jurado*, 119 AD3d 796, 796 [2014] [internal quotation marks omitted]; *see Eschbach v Eschbach*, 56 NY2d at 173; *Matter of McLennan v Gordon*, 122 AD3d at 742; *Matter of Islam v Lee*, 115 AD3d at 953).

Here, the Family Court, after having had the opportunity to evaluate the testimony, interview the child in camera, and consider the position of the attorney for the child, determined that an award of sole custody to the father was in the best interests of the child. That determination has a sound and substantial basis in the record, and will not be disturbed on appeal (*see Eschbach v Eschbach*, 56 NY2d at 167; *Bressler v Bressler*, 122 AD3d at 660). Mastro, J.P., Dillon, Hall and Miller, JJ., concur.