In the Matter of MARIA SCHULTHEIS, Respondent, v JOHN SCHULTHEIS, Appellant. [34 NYS3d 633]—

Appeal from an order of custody and visitation of the Family Court, Suffolk County (Timothy P. Mazzei, J.), dated August 7, 2015. The order, insofar as appealed from, after a hearing, granted the mother's petition for residential custody of the subject children.

Ordered that the order is affirmed insofar as appealed from, with costs.

The parties were married in 1996 and have two children. The family lived together until December 2014, when the mother left the marital residence and petitioned the Family Court for sole residential custody of the children. After a hearing, the Family Court awarded residential custody to the mother with liberal visitation to the father. The father appeals.

There is "no prima facie right to the custody of the child in either parent" (Domestic Relations Law §§ 70 [a]; 240 [1] [a]; see Friederwitzer v Friederwitzer, 55 NY2d 89, 93 [1982]; Matter of Riccio v Riccio, 21 AD3d 1107 [2005]). The essential consideration in making an award of custody is the best interests of the children (see Eschbach v Eschbach, 56 NY2d 167, 171 [1982]; Friederwitzer v Friederwitzer, 55 NY2d 89 [1982]; Matter of McIver-Heyward v Heyward, 25 AD3d 556 [2006]), which are determined by a review of the totality of the circumstances (see Matter of Garcia v Fountain, 82 AD3d 979, 980 [2011]). In making a determination as to what custody arrangement is in the children's best interests, the court should consider the quality of the home environment and the parental guidance the custodial parent provides for the children, the ability of each parent to provide for the children's emotional and intellectual development, the financial status and ability of each parent to provide for the children, the relative fitness of the respective parents, and the effect an award of custody to one parent might have on the children's relationship with the other parent (see Matter of Hutchinson v Johnson, 134 AD3d 1115, 1116 [2015]; Mohen v Mohen, 53 AD3d 471, 472-473 [2008]; Miller v Pipia, 297 AD2d 362, 364 [2002]). The court should also consider the children's wishes, weighed in light of their ages and maturity (see Eschbach v Eschbach, 56 NY2d at 173; Matter of Langlaise v Sookhan, 48 AD3d 685, 686 [2008]). "As a custody determination depends to a great extent upon an assessment of the character and credibility of the parties and witnesses, the findings of the Family Court will not be disturbed unless they lack a sound and substantial basis in the record" (Matter of Tercjak v Tercjak, 49 AD3d 772, 772 [2008]; see Matter of Gilmartin v Abbas, 60 AD3d 1058 [2009]).

We see no reason to disturb the Family Court's well-reasoned determination to award residential custody to the mother. The record shows that both parents love the subject children, but that the father is unable to provide for the children's well-being and promote their relationship with the mother. Accordingly, the Family Court's determination is supported by a sound

and substantial basis in the record. Chambers, J.P., Dickerson, Duffy and Brathwaite Nelson, JJ., concur.