In the Matter of JOSEPH D'ALLEVA, Respondent, v MARGARET BURNADETTE NEILSON, Appellant. (Proceeding No. 1.) In the Matter of MARGARET BURNADETTE NEILSON, Appellant, v JOSEPH D'ALLEVA, Respondent. (Proceeding No. 2.) [35 NYS3d 917]—

Appeal from an order of the Family Court, Queens County

(Mildred T. Negron, Ct. Atty. Ref.), dated August 21, 2015. The order, after a hearing, in effect, granted the father's petition for custody of the parties' child and denied the mother's petition for custody of the parties' child.

Ordered that the order is affirmed, without costs or disbursements.

When the subject child was born in October 2010, the parties resided together near Ellenville. Shortly thereafter, the father moved to his parents' home in Queens and spent weekends with the mother and child in Ellenville. In December 2010, the father filed a custody petition in Queens County, and the mother filed a custody petition in Ulster County that was transferred to Queens County. The Family Court awarded temporary custody to the father with visitation to the mother. A hearing commenced May 10, 2012, and concluded March 23, 2015. The Family Court, in an order dated August 21, 2015, awarded the father custody of the child with visitation to the mother every weekend, except the last weekend of the month, and alternating holidays and winter and spring school breaks. The mother appeals, contending that the Family Court erred in determining that it was in the best interests of the child to award custody to the father.

In considering questions of child custody, a court must determine the best interests of the child under the totality of the circumstances, including, " 'the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability of each parent to provide for the child, the relative fitness of the respective parents, and the effect an award of custody to one parent might have on the child's relationship with the other parent' " (*Salvatore v Salvatore*, 68 AD3d 966, 966 [2009], quoting *Matter of Edwards v Rothschild*, 60 AD3d 675, 677 [2009]; *see Eschbach v Eschbach*, 56 NY2d 167, 171-173 [1982]; *Matter of Rosado v Rosado*, 136 AD3d 927, 928 [2016]). Since custody determinations necessarily depend to a great extent upon an assessment of the character and credibility of the parties and witnesses, deference is generally accorded the court's findings, which should not be set aside unless they lack a sound and substantial basis in the record (*see McDonald v McDonald*, 122 AD3d 911, 911-912 [2014]; *Matter of Islam v Lee*, 115 AD3d 952, 953 [2014]; *Salvatore v Salvatore*, 68 AD3d 966 [2009]).

Here, the Family Court's determination that it was in the best interests of the child to award custody to the father and

visitation to the mother has a sound and substantial basis in the record. Leventhal, J.P., Roman, Sgroi and LaSalle, JJ., concur.