■ In the Matter of SAFRAZ SAHADATH, Respondent, v IRENE ANDAVERDE, Appellant. [43 NYS3d 421]—

Appeal by the mother from an order of the Family Court, Queens County (John M. Hunt, J.), dated June 16, 2015. The order, after a hearing, awarded the parties joint legal custody of their child, with primary physical custody to the father and regularly scheduled visitation to the mother.

Ordered that the order is affirmed, without costs or disbursements.

The parties have one child in common, who was born in

September 2008. In November 2012, the father filed a writ of habeas corpus for the mother to produce the child and a petition seeking custody of the child, based on allegations that the mother removed the child from New York without his permission on October 29, 2012. The mother appeared in court with the child on January 30, 2013, and the father was awarded temporary custody. Thereafter, the mother also filed a petition for custody. After a hearing, the Family Court awarded the parties joint legal custody of the child, with primary physical custody to the father and regularly scheduled visitation to the mother. The mother appeals, arguing that the award of primary physical custody to the father lacks a sound and substantial basis in the record.

In considering questions of child custody, the primary consideration is the best interest of the child (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Matter of Rosado v Rosado*, 136 AD3d 927, 928 [2016]). In determining a custody arrangement that is in the child's best interests, the court must consider several factors, including " 'the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability of each parent to provide for the child, the relative fitness of the respective parents, and the effect an award of custody to one parent might have on the child's relationship with the other parent' " (*Salvatore v Salvatore*, 68 AD3d 966, 966 [2009], quoting *Matter of Edwards v Rothschild*, 60 AD3d 675, 677 [2009]; *see Eschbach v Eschbach*, 56 NY2d at 171-173).

Moreover, a parent's interference with the relationship between a child and the child's other parent may be "deemed an act so inconsistent with the best interests of the children as to, per se, raise a strong probability that the offending party is unfit to act as custodial parent" (*Matter of Lawlor v Eder*, 106 AD3d 739, 740 [2013]; *see Matter of Pettiford v Clarke*, 133 AD3d 666, 667 [2015]; *Matter of Tori v Tori*, 103 AD3d 654, 655 [2013]).

Since custody determinations necessarily depend to a great extent upon an assessment of the character and credibility of the parties and witnesses, the hearing court's determination should not be set aside unless it lacks a sound and substantial basis in the record (*see McDonald v McDonald*, 122 AD3d 911, 911-912 [2014]; *Matter of Islam v Lee*, 115 AD3d 952, 953 [2014]; *Salvatore v Salvatore*, 68 AD3d 966, 966 [2009]).

Here, the record establishes that both parents love the child

and are able to adequately care for him. However, giving deference to the Family Court's credibility determinations, the record supports a finding that in October 2012, while the child was residing primarily with the father, the mother took the child to Pennsylvania without the father's permission, refused to tell the father where she was living, and refused to allow the father to visit with the child. These circumstances, among others, support the court's determination that the child's best interests were served by an award of primary physical custody to the father.

The mother's additional contention, that the Family Court erred in determining the issue of custody without forensic evaluations of the parties and the child, is without merit. Hall, J.P., Hinds-Radix, Maltese and Barros, JJ., concur.