■ In the Matter of JOSE F. LLIVIGANAY, Respondent, v OLGA L. FAJARDO, Appellant. [47 NYS3d 464]—

Appeal from an order of the Family Court, Queens County (Jane A. McGrady, Ct. Atty. Ref.), dated April 7, 2016. The order, after a hearing, granted the father's petition for residential custody of the subject child with regularly scheduled visitation to the mother.

Ordered that the order is affirmed, without costs or disbursements.

In December 2013, the father filed a petition for residential custody of the subject child. The Family Court conducted a seven-day hearing that commenced in December 2014 and concluded in March 2016. Additionally, the court conducted an in camera interview with the child. In the order appealed from, the Family Court awarded residential custody to the father with regularly scheduled visitation to the mother. The mother appeals.

The essential consideration in determining custody is the best interests of the child (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Matter of Sahadath v Andaverde*, 145 AD3d 731 [2016]), and no parent has a prima facie right to the custody of the child (*see* Domestic Relations Law §§ 70 [a]; 240 [1] [a]; *Friederwitzer v Friederwitzer*, 55 NY2d 89, 93 [1982]; *Matter of Schultheis v Schultheis*, 141 AD3d 721, 722 [2016]; *Matter of Wallace v Roberts*, 105 AD3d 1053, 1053 [2013]). In determining a custody arrangement that is in the child's best interests, the court must consider several factors, including "the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability of each parent to provide for the child, the relative fitness of the respective parents, and the effect an award of custody to one parent might have on the child's relationship with the other parent" (*Salvatore v Salvatore*, 68 AD3d 966, 966 [2009] [internal quotation marks omitted]; *see Eschbach v Eschbach*, 56 NY2d at 171-173). The child's expressed preference is an additional factor to be considered, taking into account the child's age, maturity, and any potential influence that may have been exerted on him or her (*see Eschbach v Eschbach*, 56 NY2d at 173; *Matter of Tejada v Tejada*, 126 AD3d 985, 986 [2015]; *Bressler v Bressler*, 122 AD3d 659, 659 [2014]). The court is to consider the totality of the circumstances, and the existence of any one factor is not determinative (*see Eschbach v Eschbach*, 56 NY2d at 174; *Matter of Bowe v Bowe*, 124 AD3d 645, 646 [2015]; *Matter of Bosede v Agbaje*, 121 AD3d 675, 676 [2014]).

Since custody determinations necessarily depend to a great extent upon an assessment of the character and credibility of the parties and witnesses, the hearing court's determination should not be set aside unless it lacks a sound and substantial basis in the record (*see Matter of D'Alleva v Neilson*, 141 AD3d 716 [2016]; *McDonald v McDonald*, 122 AD3d 911, 911-912 [2014]).

Here, the Family Court, after having the opportunity to evaluate the testimony and interview the child, determined that an award of residential custody to the father was in the best interests of the child. This determination has a sound and substantial basis in the record, and will not be disturbed on appeal (*see Eschbach v Eschbach*, 56 NY2d at 167; *Matter of Tejada v Tejada*, 126 AD3d at 986).

The mother's remaining contentions are without merit. Rivera, J.P., Leventhal, Hall and Duffy, JJ., concur.