JEROME F. CUNNINGHAM, JR., Respondent, v JEANNE BRUT-MAN, Appellant. [55 NYS3d 269]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lenora Gerald, J.), dated November 24, 2015. The judgment, insofar as appealed from, upon a decision of that court dated June 30, 2015, made after a nonjury trial, awarded the plaintiff sole legal and physical custody of the parties' child and failed to impute additional income to the plaintiff.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

In this matrimonial action, a nonjury trial was held on the issues of custody of the parties' child and the equitable distribution of assets. Contrary to the defendant's contention, the Supreme Court did not err in awarding the plaintiff sole legal and physical custody of the child. In making a custody determination, the primary concern is the best interests of the child. In determining the child's best interests, the court must consider the totality of the circumstances. Factors to be considered include the relative fitness of the parents, the quality of the home environment, the parents' financial status, the parental guidance given to the child, the ability of each parent to provide for the child's emotional and intellectual development, and the effect an award of custody to one parent might have on the child's relationship with the other parent (*see Eschbach v Eschbach,* 56 NY2d 167, 171-173 [1982]; *Matter of Sahadath v Andaverde,* 145 AD3d 731 [2016]; *Matter of Tejada v Tejada,* 126 AD3d 985 [2015]; *Cuccurullo v Cuccurullo,* 21 AD3d 983 [2005]). A custody determination depends to a great extent upon an assessment of the character and credibility of the parties and witnesses. Because the hearing court is able to observe witnesses and evaluate evidence firsthand, its determination is generally accorded deference on appeal and will not be disturbed unless it lacks a sound and substantial basis in the record (*see Eschbach v Eschbach,* 56 NY2d at 173; *Matter of Sahadath v Andaverde,* 145 AD3d at 732; *Matter of Monasterska v Burns,* 121 AD3d 903 [2014]; *Matter of Perez v Martinez,* 52 AD3d 518 [2008]).

Here, the Supreme Court determined that the plaintiff's testimony at trial was credible and that the defendant's testimony was not credible. There is no basis in the record to disturb that determination. Considering the totality of the circumstances, it was in the child's best interests to award sole legal and physical custody to the plaintiff. The court was not required to follow the recommendation of the forensic evaluator that primary physical custody remain with the defendant. His recommendation was but one factor to be considered and was entitled to some weight, but was not determinative and did not usurp the judgment of the court (see *Matter of Pitt v Reid*, 111 AD3d 946 [2013]; *Matter of Nikolic v Ingrassia*, 47 AD3d 819, 821 [2008]; *Neuman v Neuman*, 19 AD3d 383 [2005]).

The defendant's contention that the Supreme Court erred in admitting into evidence a document created by the plaintiff in preparation for trial is unpreserved for appellate review, as she failed to object to this document on the grounds raised on appeal (see *Davis v Vallie*, 93 AD3d 1232 [2012]; *Elnakib v County of Suffolk*, 90 AD3d 596 [2011]).

Point Five of the defendant's brief, regarding the division of the proceeds of life insurance policies, has been stricken from the brief upon the plaintiff's motion, and has not been considered in the determination of the appeal.

The defendant's contention regarding the failure of the Supreme Court to impute additional income to the plaintiff is without merit. Chambers, J.P., Roman, Miller and Connolly, JJ., concur.

---

Motion by the respondent to dismiss an appeal from a judgment of the Supreme Court, Queens County, dated November 24, 2015, on the grounds that the appellant's appendix contains matter dehors the record and is inadequate or, in the alternative, to strike the appellant's brief and the appendix, to enlarge the record to include a certain forensic report, and to enlarge the time to serve and file a brief. By decision and order on motion of this Court dated December 9, 2016, that branch of the respondent's motion which was to dismiss the appeal or, in the alternative, to strike the appellant's brief and the appendix on the ground that the appendix contains matter dehors the record was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers

filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the branch of the motion which is to strike the appellant's brief and appendix on the ground that the appendix contains matter dehors the record is granted to the extent that Point Five is stricken from the appellant's brief, and Exhibit RR is stricken from the appellant's appendix, those portions of the brief and appendix have not been considered in the determination of the appeal, and that branch of the motion is otherwise denied.