■ In the Matter of CHRISTINE BIANCOVISO, Appellant, v ANDRES BARONA, Respondent. (Proceeding No. 1.) In the Matter of ANDRES BARONA, Respondent, v CHRISTINE BIANCOVISO, Appellant. (Proceeding No. 2.) [54 NYS3d 642]—

Appeal by the mother from an order of the Family Court, Suffolk County (Roseann Orlando, Ct. Atty. Ref.), dated April 5, 2016. The order, after a hearing, granted the father's petition for sole custody of the subject children and denied the mother's petition for sole custody of the subject children and for permission to relocate with them to North Carolina.

Ordered that the order is affirmed, without costs or disbursements.

The mother and the father, who never married each other, have two children together. In July 2015, the father commenced a proceeding seeking sole custody of the children. Thereafter, in October 2015, the mother filed her own petition for sole custody of the children and for permission to relocate with them to North Carolina. After a hearing, the Family Court denied the mother's petition and granted the father's petition. The mother appeals.

The mother's contention that the Family Court was biased against her in the conduct of the hearing is unpreserved for appellate review. A party claiming court bias must preserve an objection and move for the court to recuse itself (*see Matter of Bowe v Bowe*, 124 AD3d 645, 646 [2015]; *Matter of Kimberly Z. [Jason Z.]*, 88 AD3d 1181 [2011]). In any event, when a claim of bias is raised, the "inquiry on appeal is limited to whether the judge's bias, if any, unjustly affected the result to the detriment of the complaining party" (*Matter of Davis v Pignataro*, 97 AD3d 677, 678 [2012] [internal quotation marks omitted]; *see Matter of Bowe v Bowe*, 124 AD3d at 646). Here, the record establishes that the court treated the parties fairly, made appropriate evidentiary rulings, and did not have a predetermined outcome of the case in mind during the proceedings (*see Matter of Bowe v Bowe*, 124 AD3d at 646; *Matter of Davis v Pignataro*, 97 AD3d at 678). Accordingly, we reject the mother's claim of bias on the part of the court.

"When determining custody cases, the primary concern is the best interests of the child" (*McDonald v McDonald*, 122 AD3d 911, 911 [2014] [internal quotation marks omitted]; *see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Matter of Islam v Lee*, 115 AD3d 952, 953 [2014]). "The factors to be considered in determining the custody arrangement that is in the child's best interests include the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child's emotional and intellectual development, the

financial status and ability of each parent to provide for the child, the relative fitness of the respective parents, and the effect an award of custody to one parent might have on the child's relationship with the other parent" (*McDonald v McDonald*, 122 AD3d at 911 [internal quotation marks omitted]; *see Eschbach v Eschbach*, 56 NY2d at 171-173; *Matter of Islam v Lee*, 115 AD3d at 953). If domestic violence is alleged, and such allegations are proved by a preponderance of the evidence, the court must consider the effect of such violence upon the child (*see* Domestic Relations Law § 240 [1] [a]; *Bressler v Bressler*, 122 AD3d 659, 660 [2014]; *Matter of Felty v Felty*, 108 AD3d 705, 707 [2013]). "The 'existence or absence of any one factor cannot be determinative on appellate review since the court is to consider the totality of the circumstances' " (*Matter of McLennan v Gordon*, 122 AD3d 742, 742 [2014], quoting *Eschbach v Eschbach*, 56 NY2d at 174).

With respect to relocation, "[a] parent seeking leave to relocate with a child bears the burden of establishing by a preponderance of the evidence that the proposed move would be in the child's best interests" (*Matter of Caruso v Cruz*, 114 AD3d 769, 771 [2014]; *see Matter of Ventura v Huggins*, 141 AD3d 600, 600 [2016]; *Matter of Francis-Miller v Miller*, 111 AD3d 632, 635 [2013]; *Matter of Steadman v Roumer*, 81 AD3d 653, 654 [2011]). In determining whether a proposed move is in a child's best interests, courts are "free to consider and give appropriate weight to all of the factors that may be relevant to the determination" (*Matter of Tropea v Tropea*, 87 NY2d 727, 740 [1996]; *see Matter of Hall v Hall*, 118 AD3d 879, 880 [2014]). These factors include, but are not limited to, "each parent's reasons for seeking or opposing the move, the quality of the relationships between the child and the custodial and noncustodial parents, the impact of the move on the quantity and quality of the child's future contact with the noncustodial parent, the degree to which the custodial parent's and child's life may be enhanced economically, emotionally and educationally by the move, and the feasibility of preserving the relationship between the noncustodial parent and child through suitable visitation arrangements" (*Matter of Tropea v Tropea*, 87 NY2d at 740-741; *see Matter of Ventura v Huggins*, 141 AD3d at 600; *Matter of Hall v Hall*, 118 AD3d at 880-881).

Inasmuch as a best interests determination "requires an evaluation of the testimony, character and sincerity of all the parties involved" (*Eschbach v Eschbach*, 56 NY2d at 173; *see Matter of Pietrafesa v Pietrafesa*, 108 AD3d 557, 558 [2013]), the Family Court's credibility determinations are entitled to

deference, and its decision will be upheld if supported by a sound and substantial basis in the record (*see Eschbach v Eschbach*, 56 NY2d at 173; *Matter of Jurado v Jurado*, 119 AD3d 796, 796 [2014]; *Matter of Pietrafesa v Pietrafesa*, 108 AD3d at 558; *Matter of Karen H. v Maurice G.*, 101 AD3d 1005, 1006 [2012]). Here, the Family Court's determination as to custody and relocation was supported by a sound and substantial basis in the record. Accordingly, we discern no basis in the record to disturb its determination.

The mother's remaining contentions are without merit. Mastro, J.P., Dillon, Roman and Brathwaite Nelson, JJ., concur.