Hogan v Hogan (2018 NY Slip Op 01454)





Hogan v Hogan


2018 NY Slip Op 01454


Decided on March 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2016-04002
2017-02620
 (Index No. 53153/12)

[*1]John Hogan, respondent, 
v
Providence Hogan, appellant.


Anna Stern, Brooklyn, NY, for appellant.
Helene Bernstein, Brooklyn, NY, for respondent.
Cheryl S. Solomon, Brooklyn, NY, attorney for the child.



DECISION & ORDER
Appeals from (1) an order of the Supreme Court, Kings County (Patricia E. Henry, J.), dated March 24, 2016, and (2) a judgment of divorce of that court (Esther M. Morgenstern, J.), dated February 14, 2017. The order dated March 24, 2016, denied the defendant's motion seeking joint counseling sessions between the parties and their child. The judgment of divorce, insofar as appealed from, upon an order of that court (Patricia E. Henry, J.) also dated March 24, 2016, made after a nonjury trial, awarded the plaintiff sole legal and physical custody of the parties' child and failed to direct joint counseling sessions between the parties and their child.
ORDERED that the appeal from the order is dismissed, without costs or disbursements; and it is further,
ORDERED that the judgment of divorce is affirmed insofar as appealed from, without costs or disbursements.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment of divorce (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment of divorce (see CPLR 5501[a][1]).
The parties were married in 1997 and have one child in common. In 2012, the plaintiff father (hereinafter the father) commenced this action for a divorce and ancillary relief. During the pendency of this action, the father was awarded temporary custody of the child after the defendant mother (hereinafter the mother) was incarcerated. The mother's incarceration arose out of her failure to make restitution payments, which she was required to make as part of her sentence in a criminal matter wherein she pleaded guilty to grand larceny in connection with her theft of funds from the Parent Teachers Association (hereinafter PTA) at the child's school; pursuant to the restitution agreement, the mother was required to pay a sum of $82,000, in the amount of $4,000 every three months. After a nonjury trial on the issue of custody, the Supreme Court awarded the [*2]father sole legal and physical custody of the child and set a visitation schedule for the mother. During the trial, the mother moved for joint counseling sessions between the parties and their child, and the court denied that motion. The mother appeals.
In making a custody determination, the primary concern is the best interests of the child. In determining the child's best interests, the court must consider the totality of the circumstances. Factors to be considered include the relative fitness of the parents, the quality of the home environment, the parents' financial status, the parental guidance given to the child, the ability of each parent to provide for the child's emotional and intellectual development, and the effect an award of custody to one parent might have on the child's relationship with the other parent (see Eschbach v Eschbach, 56 NY2d 167, 171-173; Matter of Sahadath v Andaverde, 145 AD3d 731, 732; Matter of Tejada v Tejada, 126 AD3d 985, 985; Cuccurullo v Cuccurullo, 21 AD3d 983, 984). A custody determination depends to a great extent upon an assessment of the character and credibility of the parties and witnesses. Since the hearing court is able to observe witnesses and evaluate evidence firsthand, its determination is generally accorded deference on appeal and will not be disturbed unless it lacks a sound and substantial basis in the record (see Eschbach v Eschbach, 56 NY2d at 173; Matter of Sahadath v Andaverde, 145 AD3d at 732; Matter of Monasterska v Burns, 121 AD3d 903; Matter of Perez v Martinez, 52 AD3d 518, 519). Furthermore, in determining custody, while the express wishes of a child are not controlling, they are entitled to great weight, especially here, where the child's age and maturity make her input particularly meaningful (see Matter of Cannella v Anthony, 127 AD3d 745, 746).
There is a sound and substantial basis in the record for the Supreme Court's award of sole legal and physical custody of the child to the father. There was evidence in the record that the mother's theft of the PTA funds, her poor decision-making about her failing business, certain postings on her blog and Flickr account, and unstable housing circumstances demonstrated poor caretaking ability and parental judgment. Additionally, the relationship between the mother and the then 14-year-old child had drastically deteriorated after the mother's arrest and later incarceration. The mother's unwise decision to seek election to the position of second vice president of the PTA at the child's new school, and her subsequent election to that position, rekindled the negative publicity about her earlier theft of funds from the PTA at the child's former school. The unfavorable news articles prompted the mother to resign her position and further cemented the rift between the child and the mother. Additionally, the court-appointed forensic psychologist recommended that the father have sole legal and physical custody of the child. The attorney for the child supported that position (see Matter of Wosu v Nettles-Wosu, 132 AD3d 688, 689) and informed the court that the child wished to reside with the father.
The Supreme Court also providently exercised its discretion in denying the mother's motion seeking joint counseling sessions between the parties and their child. Although the court left open the possibility of the mother's future participation in the child's therapy sessions, the court determined that the parties' inability to communicate and cooperate on matters concerning the child, together with the child's strong position about the mother, rendered joint counseling sessions at that time unworkable and inappropriate under those circumstances (see generally Matter of Lee v Fitts, 147 AD3d 1058, 1059).
CHAMBERS, J.P., ROMAN, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court