Matter of Alonso v Perdue (2018 NY Slip Op 05155)





Matter of Alonso v Perdue


2018 NY Slip Op 05155


Decided on July 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2017-03501
 (Docket Nos. V-472-11, V-5848-11)

[*1]In the Matter of Karla Alonso, respondent, 
v
Sharod Perdue, appellant. (Proceeding No. 1)
In the Matter of Sharod Perdue, appellant,Karla Alonso, respondent. (Proceeding No. 2)


Lewis S. Calderon, Jamaica, NY, for appellant.
Daniel E. Lubetsky, Jamaica, NY, for respondent.
Warren S. Hecht, Forest Hills, NY, attorney for the child.



DECISION & ORDER
In two related proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Queens County (Anne-Marie Jolly, J.), dated March 3, 2017. The order, insofar as appealed from, after a hearing, granted the mother's petition for sole legal and physical custody of the subject child and, in effect, denied the father's petition for the same relief as to him.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The parties are the parents of the subject child. On January 3, 2011, the mother filed a petition for sole legal and physical custody of the child and, on March 21, 2011, the father filed a petition for the same relief as to him. The child has resided with the mother since birth and the father has had parental access. The mother testified at a fact-finding hearing that she has a stable job and income and has provided everything that the child needs, while the father has not provided any financial support for the child and does not take adequate care of the child. The father testified that the mother has interfered with his parental access and does not adequately care for the child. The attorney for the child supported an award of sole legal and physical custody to the mother.
After the hearing, the Family Court found that the mother provided stability for the child and had been the parent who attended to the child's educational and medical needs, while the father had failed to make consistent child support payments and appeared unaware of the full financial commitment and resources needed to care for the child on a daily basis. The court further found that neither party would fully support the child having a healthy relationship with the other parent. The court, inter alia, granted the mother's petition for sole legal and physical custody and, in effect, denied the father's petition for the same relief. The father appeals.
"When determining custody cases, the primary concern is the best interests of the child" (McDonald v McDonald, 122 AD3d 911, 911 [internal quotation marks omitted]; see Eschbach v Eschbach, 56 NY2d 167, 171; Matter of Islam v Lee, 115 AD3d 952, 953). "The factors [*2]to be considered in determining the custody arrangement that is in the child's best interests include the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability of each parent to provide for the child, the relative fitness of the respective parents, and the effect an award of custody to one parent might have on the child's relationship with the other parent" (McDonald v McDonald, 122 AD3d at 911 [internal quotation marks omitted]; see Eschbach v Eschbach, 56 NY2d at 171-173; Matter of Islam v Lee, 115 AD3d at 953). "The existence or absence of any one factor cannot be determinative on appellate review since the court is to consider the totality of the circumstances'" (Matter of McLennan v Gordon, 122 AD3d 742, 742, quoting Eschbach v Eschbach, 56 NY2d at 174). "As custody determinations turn in large part on assessments of the credibility, character, temperament, and sincerity of the parties, the Family Court's determination [following a complete evidentiary hearing] should not be disturbed unless it lacks a sound and substantial basis in the record" (Matter of Jurado v Jurado, 119 AD3d 796, 796 [internal quotation marks omitted]; see Eschbach v Eschbach, 56 NY2d at 173; Matter of Tejada v Tejada, 126 AD3d 985, 986; Matter of McLennan v Gordon, 122 AD3d at 742-743; Matter of Islam v Lee, 115 AD3d at 953).
Here, the Family Court's determination to award sole legal and physical custody of the child to the mother had a sound and substantial basis in the record.
The father's remaining contention is unpreserved for appellate review (see Matter of Bagot v McClain, 148 AD3d 882, 883; Matter of Kleevuort C. [Fredlyn V.], 84 AD3d 1371) and, in any event, without merit.
Accordingly, we agree with the Family Court's determination granting the mother's petition for sole legal and physical custody of the subject child and, in effect, denying the father's petition for the same relief.
RIVERA, J.P., CHAMBERS, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court