Matter of Tumanova v Ali (2018 NY Slip Op 06020)





Matter of Tumanova v Ali


2018 NY Slip Op 06020


Decided on September 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2017-08688
 (Docket Nos. V-17628-15, V-17751-15)

[*1]In the Matter of Katarina G. Tumanova, appellant,
v
Ahmad Ali, respondent. (Proceeding No. 1)
In the Matter of Ahmad Ali, respondent,
v
Katarina G. Tumanova, appellant. (Proceeding No. 2)


Peter Wilner, Jamaica, NY, for appellant.
Adewole Agbayewa, Fresh Meadows, NY, for respondent.
Olga J. Rodriguez, Forest Hills, NY, attorney for the child.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Queens County (Ashley Black, Ct. Atty. Ref.), dated August 2, 2017. The order, insofar as appealed from, after a hearing, dismissed the mother's petition for sole custody of the parties' child, and granted the father's cross petition for sole custody of the parties' child.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The mother and the father, along with the paternal grandmother and a paternal aunt, lived together with the parties' child until June 2014, when the mother left the home. The child continued to reside with the father, the paternal grandmother, and the paternal aunt for another year. The child was enrolled in kindergarten at a school near the father's home, and the mother visited with the child during the week and overnights on the weekends. Sometime in late August or early September 2015, the mother took the child for a visit and never returned him to the father's home. At the time the mother took the child, she did not inform the father or the child that she intended to keep the child permanently. The mother refused to tell the father where she and the child were residing or where the child was attending school.
The mother filed a petition for sole custody of the child, and the father filed a cross petition for sole custody. At a hearing on the petitions, the mother testified that she had been the child's primary caregiver. The father testified that the parties had shared caregiving responsibilities for the child while they lived together and that he had taken care of the child after the mother left. [*2]The Family Court granted the father's cross petition for sole custody, and dismissed the mother's petition for sole custody. The mother appeals.
"When determining custody cases, the primary concern is the best interests of the child" (McDonald v McDonald, 122 AD3d 911, 911 [internal quotation marks omitted]; see Eschbach v Eschbach, 56 NY2d 167, 171; Matter of Islam v Lee, 115 AD3d 952, 953). The existence or absence of any one factor in determining custody cannot be determinative on appellate review since the court is to consider the totality of the circumstances (see Eschbach v Eschbach, 56 NY2d at 174; Matter of McLennan v Gordon, 122 AD3d 742). "As custody determinations turn in large part on assessments of the credibility, character, temperament, and sincerity of the parties, the Family Court's determination [following a complete evidentiary hearing] should not be disturbed unless it lacks a sound and substantial basis in the record" (Matter of Jurado v Jurado, 119 AD3d 796, 796 [internal quotation marks omitted]; see Eschbach v Eschbach, 56 NY2d at 173; Matter of Tejada v Tejada, 126 AD3d 985).
The Family Court's determination that an award of custody to the father was in the child's best interests has a sound and substantial basis in the record and, thus, will not be disturbed (see Matter of Garcia v Perez, 48 AD3d 812). Contrary to the mother's contention, the court carefully considered all the relevant factors in making its determination (see Matter of Craig S. v Emily S., 149 AD3d 751). Further, since the record demonstrates that the parties are unable to cooperate on matters concerning the child, joint custody was not appropriate under the circumstances of this case (see Matter of Wright v Kaura, 106 AD3d 751; Matter of Edwards v Rothschild, 60 AD3d 675).
RIVERA, J.P., MILLER, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court