Matter of Saunders v Scott (2019 NY Slip Op 03344)





Matter of Saunders v Scott


2019 NY Slip Op 03344


Decided on May 1, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
BETSY BARROS, JJ.


2018-03186
 (Docket Nos. V-1316-17, V-1317-17, V-1630-17, V-1631-17, V-1632-17)

[*1]In the Matter of Louis H. Saunders, Jr., appellant,
v
Latoy Scott, respondent. (Proceeding Nos. 1, 2, and 3.)
In the Matter of Latoy Scott, respondent,Louis H. Saunders, Jr., appellant. (Proceeding Nos. 4 and 5.)


Mark Diamond, New York, NY, for appellant.
Maricel Gonzalez, Jamaica, NY, for respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Susan Clement of counsel), attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Queens County (Robert I. Caloras, J.), dated February 26, 2018. The order, insofar as appealed from, after a hearing, in effect, granted the mother's petitions for sole legal and physical custody of the parties' two youngest children, denied the father's petitions for custody of those children, and denied the father's petition to modify a prior order of custody dated August 13, 2009, so as to award him sole custody of the parties' second oldest child.
ORDERED that the order dated February 26, 2018, is affirmed insofar as appealed from, without costs or disbursements.
In these proceedings pursuant to Family Court Act article 6, the mother and the father each petitioned for sole custody of their two youngest children. Additionally, the father petitioned to modify an existing custody order awarding custody of the parties' second oldest child to the mother.
The respondent in any custody proceeding under article 6 of the Family Court Act and the parent of any child seeking custody in any proceeding before the Family Court has the right to the assistance of counsel (see Family Ct Act § 262[a][iii], [v]). A party may waive that right and proceed without counsel provided he or she makes a knowing, voluntary, and intelligent waiver of the right to counsel (see Matter of Pitkanen v Huscher, 167 AD3d at 902; Matter of Graham v Rawley, 140 AD3d 765, 767). In order to determine whether a party has validly waived the right to counsel, a court must conduct a "searching inquiry" to ensure that the waiver has been made knowingly, voluntarily, and intelligently (People v Arroyo, 98 NY2d 101, 103 [internal quotation [*2]marks omitted]; see Matter of Pitkanen v Huscher, 167 AD3d at 902). While there is no rigid formula, the record must demonstrate that the party was aware of the dangers and disadvantages of proceeding without counsel (see People v Arroyo, 98 NY2d at 104; Matter of Pitkanen v Huscher, 167 AD3d at 902).
Here, the Family Court explained the dangers and disadvantages of proceeding without counsel and the father clearly, unequivocally, and repeatedly acknowledged that he understood the right he was waiving and expressed that he wished to proceed without counsel. Under these circumstances, the Family Court conducted a sufficiently searching inquiry to ensure that the father's waiver of his right to counsel was knowingly, voluntarily, and intelligently made (see Matter of Pitkanen v Huscher, 167 AD3d at 902; Matter of Bianco v Bruce-Ross, 151 AD3d 716, 717; Matter of Ryan v Alexander, 133 AD3d 605, 606).
With respect to the father's challenge to certain of the Family Court's evidentiary rulings, "[t]rial courts are accorded wide discretion in making evidentiary rulings" (People v Carroll, 95 NY2d 375, 385), and here, the majority of the court's evidentiary rulings constituted a provident exercise of discretion. The father's contention with regard to the admission of a Family Court Mental Health Services Clinical Report is unpreserved for appellate review. In any event, any error in admitting that document into evidence did not prejudice the father, and thus, does not require reversal (see Matter of Kinara C. [Jerome C.], 89 AD3d 839, 841; Ekstra v Ekstra, 78 AD3d 990, 991).
In considering questions of child custody, the primary concern is the best interests of the child (see Eschbach v Eschbach, 56 NY2d 167, 171; Matter of Cooper v Nicholson, 167 AD3d 602, 604). In determining the best interests of the child, a court must consider the totality of the circumstances (see Eschbach v Eschbach, 56 NY2d at 174; Matter of Cooper v Nicholson, 167 AD3d at 604). The factors to be considered include " the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability of each parent to provide for the child, the relative fitness of the respective parents, and the effect an award of custody to one parent might have on the child's relationship with the other parent'" (Matter of McLennan v Gordon, 122 AD3d 742, 742, quoting Matter of Islam v Lee, 115 AD3d 952, 953).
While an initial custody determination must be based upon the best interests of the child under the totality of the circumstances, "[m]odification of an existing custody order is permissible only upon a showing that there has been a change in circumstances to the extent that modification is necessary to ensure the continued best interests of the children" (Matter of Hawkins v Strong, 154 AD3d 753, 753; see Matter of Maxwell v Watt, 152 AD3d 693).
As any determination regarding custody turns in large part on the assessment of the credibility, character, temperament, and sincerity of the parties, the hearing court's determination following a complete evidentiary hearing should not be disturbed unless it lacks a sound and substantial basis in the record (see Matter of Cooper v Nicholson, 167 AD3d at 604; McDonald v McDonald, 122 AD3d 911, 911-912). Here, the Family Court's determination to award sole legal and physical custody of the parties' two youngest children to the mother, and to continue custody of the parties' second oldest child with the mother, is supported by a sound and substantial basis in the record.
BALKIN, J.P., COHEN, MILLER and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court