Matter of Dupont v Gaston (2019 NY Slip Op 04382)





Matter of Dupont v Gaston


2019 NY Slip Op 04382


Decided on June 5, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 5, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
JOHN M. LEVENTHAL
ROBERT J. MILLER, JJ.


2017-12115
 (Docket Nos. O-8-16, O-80-16, V-51-16, V-52-16)

[*1]In the Matter of Roger Dupont, appellant-respondent,
v
Antoinise Gaston, respondent-appellant.


Salvatore C. Adamo, New York, NY, for appellant-respondent.
Gary E. Eisenberg, New City, NY, for respondent-appellant.
Jacqueline Sands, New City, NY, attorney for the children.



DECISION & ORDER
In a child custody proceeding pursuant to Family Court Act article 6, the father appeals, and the mother cross-appeals, from an order of the Supreme Court, Rockland County (IDV Part) (Sherri L. Eisenpress, J.), dated October 6, 2017. The order, insofar as appealed from, after a hearing, in effect, denied that branch of the father's petition which was to modify a prior order dated January 11, 2016, so as to award him physical custody of the parties' children. The order, insofar as cross-appealed from, after a hearing, failed to award to the mother sole legal custody of the children.
ORDERED that the order dated October 6, 2017, is reversed insofar as appealed from, on the facts and in the exercise of discretion, without costs or disbursements, that branch of the father's petition which was to modify the order dated January 11, 2016, so as to award him physical custody of the parties' children is granted, and the matter is remitted to the Supreme Court, Rockland County, for the determination of a new parenting time schedule; and it is further,
ORDERED that the order is affirmed insofar as cross-appealed from, without costs or disbursements.
In an order dated January 11, 2016 (hereinafter the prior order), the parties were awarded joint legal custody of their two children, with physical custody to the mother. The father commenced this proceeding, inter alia, to modify the prior order so as to award him physical custody of the children. The mother opposed the father's petition, and sought to modify the prior order so as to award her sole legal custody of the children. After a hearing, the Supreme Court, in effect, denied that branch of the father's petition which was to modify the prior order so as to award him physical custody of the children, and failed to award the mother sole legal custody of the children. The father appeals and the mother cross-appeals.
Modification of an existing order of custody or parental access is permissible only on a showing that there has been a change in circumstances such that a modification is necessary to ensure the continued best interests of the children (see Matter of Newton v McFarlane, _____ AD3d [*2]_____ [decided herewith]; Matter of Saunders v Scott, _____ AD3d _____, _____, 2019 NY Slip Op 03344, *2 [2d Dept 2019]; Weisberger v Weisberger, 154 AD3d 41, 50). The best interests of the children must be determined by a review of the totality of the circumstances (see Eschbach v Eschbach, 56 NY2d 167, 171-172).
"[T]his Court's authority in custody and [parental access] matters is as broad as that of the hearing court, and while we are mindful that the hearing court has an advantage in being able to observe the demeanor and assess the credibility of witnesses, we would be seriously remiss if, simply in deference to the finding of a Trial Judge, we allowed a custody determination to stand where it lacks a sound and substantial basis in the record" (Weisberger v Weisberger, 154 AD3d at 51 [internal quotation marks omitted]).
In this case, the Supreme Court's determination, in effect, that there had been no change in circumstances requiring a transfer of physical custody to the father, lacks a sound and substantial basis in the record. Based on, inter alia, the recommendation of the forensic evaluator and the position of the attorney for the children (see Matter of Wosu v Nettles-Wosu, 132 AD3d 688, 689), the children's stated preferences (see Matter of Dorsa v Dorsa, 90 AD3d 1046, 1047), and the mother's living situation, the court should have granted that branch of the father's petition which was to modify the prior order so as to award him physical custody of the children.
The mother's remaining contention is without merit.
SCHEINKMAN, P.J., DILLON, LEVENTHAL and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court